By the Court.
 

 Section 2, Article XII of the Constitution, authorizes the General Assembly to pass general laws exempting certain property from taxation. Appellant relies upon Sections 5349 and 5351, General Code, enacted by virtue of such constitutional authorization, and in general claims (1) that the land in question is exempt as part of a public college or academy and land connected with a public institution of learning, not used with a view to profit, since no rent is charged the former grantors; and (2) that the land is exempt from taxation as property belonging to the state of Ohio.
 

 The deed conveying the property to The President and Trustees of The Miami University reserves in two grantors, as long as they or the survivor of them shall live, the right to occupy and live in the residence, rent free and with heat furnished by the grantee, with an obligation upon them to maintain the residence in good condition and to maintain fire and windstorm insurance.
 

 
 *436
 
 The record does not disclose that either grantor is in anywise connected with the operation of the university, but there is testimony that the part of the property occupied by the grantors cannot be used by the, university “in any manner, shape or form” as long as they are living. It is not disputed that the state furnished the funds to purchase the property and that the university is a state-owned and operated institution.
 

 Section 2, Article XII of the Constitution, reads in part: “Land and improvements thereon shall be taxed by uniform rule according to value. * * * and without limiting the general power, subject to the provisions of Article I of this Constitution, to determine the subjects and methods of taxation or exemptions therefrom, general laws may be passed to exempt * * *
 
 public school houses
 
 * * * and
 
 public property used exclusively for any public purpose
 
 * * *.” (Emphasis ours.)
 

 Section 5349, General Code, exempts from taxation “public colleges and academies and all buildings connected therewith, and all lands connected with public institutions of learning, not used with a view to profit * * *.”
 

 In the instant case, although Miami University is a public college within the broad acceptation of that term, the residence building was excepted by the reservation of a life estate in the grantors. The residence not being used for any purpose connected with the university and not being open to the public generally, is in fact used for a private purpose. Therefore, there is no ground for exemption of the property under Section 5349, General Code. See
 
 Bloch v. Board of Tax
 
 Appeals, ante, 414.
 

 Section 5351, General Code, provides that “real * * * property belonging
 
 exclusively
 
 to the state * * * shall be exempt from taxation.” (Emphasis ours.) So long-
 
 *437
 
 as the grantors live and the life estate is outstanding, the residence property involved in this proceeding-does not belong exclusively to Miami University or the state.
 

 Furthermore, there is no presumption favorable to the exemption of property from taxation
 
 (Cullitan, Pros. Atty.,
 
 v.
 
 Cunningham Sanitarium,
 
 134 Ohio St., 99, 16 N. E. [2d], 205) and Section 5680, General Code, specifically provides that “each person shall pay tax for the lands * * * of which he is seized for life * * *.”■
 

 The decision of the Board of Tax Appeals is neither unreasonable nor unlawful and the same is therefore affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J.; Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.