*486
 
 By the Court.
 

 Counsel for appellants state the-“basic and controlling question is whether the ownership and operation by a charitable organization not for profit of a small-suite apartment house not for profit as a home for nurses in the circumstances presented by the evidence * * * is a charitable purpose and' activity and is use of the premises by an institution exclusively for charitable purposes.”
 

 That statement invites an examination of the record on which the Board of Tax Appeals based its conclusion that “the controlling fact is the
 
 use
 
 made of' the property as to which exemption from taxation and remission is sought.”
 

 It appears from the record that the building has 66 rented sleeping rooms occupied by an average of 73' persons, mostly graduate or student nurses who pay rent; that sleeping rooms have been occupied at intervals by three or five retired nurses, three school teachers and two or three librarians, all paying rent; that one room is endowed and maintained for a scholarship nurse; that the executive secretary of the guild branch and its bookkeeper occupy rooms for which they pay rent; that the hostess has a suite for which no rent is paid; and that a suite is occupied by the janitor and his wife, without rent payment. Room rentals range from $50 for double rooms to $26 for single rooms, per month, which rentals are less than those for similar accommodations in neighboring apartment houses or rooming houses
 

 Generally speaking, most of the rent-paying occupants are either associated with hospitals not affiliated with the guild house or are otherwise engaged in-nursing. Rentals are used to operate and maintain the property, although a small sum is forwarded to-the national guild.
 

 The foregoing recital of facts is sufficient to demon
 
 *487
 
 strate that the property is used primarily to provide low-rent housing accommodations for nurses.
 

 Counsel for the guild branch maintain that it is an •organization of women, some of them nurses, who are devoted to the problem of improving the lot of nurses .generally, and that, with the assistance of contributions by public spirited men, the guild house is used merely as one, albeit financially their most important, instrumentality through which they serve nurses generally and all mankind indirectly; and that the use of the guild house, as an instrumentality of benefit to nurses generally the way it is operated, is clearly a use of the premises exclusively for charitable purposes, •even though the policy is to charge enough to cover ■expenses.
 

 Section 2, Article XII of the Constitution, reads in part: “* * * general laws may be passed to exempt # * # institutions
 
 used exclusively for charitable purposes
 
 * * *.” (Italics supplied.)
 

 Section 5353, General Code, under which exemption is sought in this proceeding, reads, in part:
 

 “Real * * * property belonging to institutions
 
 used •exclusively for charitable purposes,
 
 shall be exempt from taxation.” (Italics supplied.)
 

 The test is the present
 
 exclusive use
 
 for charitable purposes. See
 
 Wehrle Foundation
 
 v.
 
 Evatt, Tax Commr.,
 
 141 Ohio St., 467, 49 N. E. (2d), 52, and cases cited therein, and
 
 Mussio
 
 v.
 
 Glander, Tax Commr.,
 
 149 Ohio St., 423, 79 N. E. (2d), 233.
 

 Counsel for the guild branch quote from the opinion in
 
 O’Brien, Treas.,
 
 v.
 
 Physicians Hospital Assn.,
 
 96 Ohio St., 1, 116 N. E., 975, L. R. A. 1917F, 741, wherein the court, at page 9, commented on a public charitable hospital accepting pay patients. The situation is the reverse in the present proceeding, since nurses and ■others are charged rent, and there is no testimony that •charity occupants are accommodated.
 

 
 *488
 
 The members of the Cleveland Branch of the Guild' of St. Barnabas for Nurses are to be commended for their activities in establishing and maintaining the guild house, but its present use does not entitle it to exemption under the statute cited.
 

 The decision of the Board of Tax Appeals, being-neither unlawful nor unreasonable, is affirmed.'
 

 Decision affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart,. Zimmerman, Sohngen and Stewart, JJ., concur.