By the Court.
 

 The eight apartments are rented to disabled veterans of World War II, four with their Avives and the four others with their Avives and children. The rentals are $28 per month for the four-room apartments and $35 per month for the five-room apartments. Rentals higher than $75 per month could easily have been obtained for any of the apartments in the general market, according to a statement in the application for exemption. All the veterans receive pensions, all are employed in or about the city of Dayton and no veteran is housed rent free.
 

 Counsel for the applicant states the issue: Is property which is leased to disabled veterans as living quarters below cost or at a loss, in order to subsidize and help maintain them because of their impaired earning poAver, used exclusively for charitable purposes?
 

 The entry of the Board of Tax Appeals in the present case states:
 

 “All eight of. these veteran tenants pay rent. None are housed free of costs. If applicant’s space were not available these eight tenants would presumably have to find less desirable quarters within their means. Is
 
 *181
 
 applicant’s philanthropy in foregoing profit the criterion? If this be true, then it must be well known that many property owners have been required for a number of years to furnish living quarters to tenants at a figure below a profit basis. Surely this enforced-like charity does not entitle such a property owner to exemption of his property from taxation. ’ ’
 

 The entry states also:
 

 “These veterans’ apartments are their private homes. Applicant says that it charges these veterans some rent to avoid the semblance of charity, yet it here confidently asserts that its purpose and use of its property is exclusively charitable. These positions are hardly consistent. Taxation is the rule and exemption the exception. Every property removed from the tax duplicate increases the tax burden on other property. If applicant desires to dispense a charity it ought to do so without enforced contribution from other taxpayers. The Board of Tax Appeals cannot find that applicant has shown a clear right to tax exemption. * * *”
 

 Section 2, Article XII of the Constitution, reads in-part: “* * * general laws may be passed to exempt # * institutions
 
 used exclusively for charitable purposes
 
 * * (Italics supplied.)
 

 Section 5353, General Code, enacted pursuant to-that authorization, provides that “real and tangible-personal property belonging to institutions
 
 used exclusively for charitable purposes,
 
 shall be exempt from taxation.” (Italics supplied.)
 

 The basis for exemption is the
 
 use
 
 of the property. See
 
 Youngstown Metropolitan Housing Authority
 
 v.
 
 Evatt, Tax Commr.,
 
 143 Ohio St,. 268, 280, 55 N. E. (2d), 122, and cases cited. The present case does not present the commercial aspect appearing in that case. On the other hand, no living quarters are furnished
 
 *182
 
 free to any of the veterans occupying these apartments and it is not claimed that the occupants are objects of charity.
 

 The facts in the present case are similar to those in
 
 Cleveland Branch of the Guild of St. Barnabas for Nurses
 
 v.
 
 Board of Tax Appeals,
 
 150 Ohio St., 484, 83 N. E. (2d), 229. In that case the applicant for exemption was organized for charitable purposes, the property was acquired through contributions and a mortgage, no profit was involved, the building was operated for low-rent housing and no charity occupants or indigents were accommodated.
 

 We agree with counsel for applicant in the instant case that housing for the needy, aged, sick, orphans or widows is charity entitling the property so used to be exempted from taxation. However, we are of opinion that such housing would not be used exclusively for charitable purposes if each and every occupant was required to pay for accommodations.
 

 The use of the property in the instant case is primarily for furnishing low-rent housing and not exclusively for charitable purposes.
 

 The decision of the Board of Tax Appeals is neither unlawful nor unreasonable and is, therefore, affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Turner, JJ., concur.