By the Court.
 

 Was the decision of the Board of Tax Appeals unreasonable or unlawful?
 

 Section 2, Article XII of the Ohio Constitution, provides, in part, as follows:
 

 “Land and improvements thereon shall be taxed by uniform rule according to value * *
 
 *
 
 and without limiting the general power, subject to the provisions of Article I of this Constitution, to determine the subjects and methods of taxation or exemptions therefrom, genera] laws may be passed to exempt * * * public school houses, * * * institutions used exclusively for charitable purposes * *
 

 In considering the applicability of this section of the
 
 *135
 
 Constitution to the above-mentioned Sections 5349 and 5353, General Code, the following language in the case of
 
 Ursuline Academy of Cleveland
 
 v.
 
 Board of Tax Appeals,
 
 141 Ohio St., 563, 49 N. E. (2d), 674, states the rule as follows in paragraph two of the syllabus:
 

 “Under Section 5349 or Section 5353, General Code, property belonging to a public college, academy or in-institution of learning not publicly owned may be exempted from taxation only if used exclusively for a charitable purpose at the time the exemption is sought. ’ ’
 

 The same rule has been restated in the case of
 
 Amerian Committee of Rabbincal College of Telshe, Inc.,
 
 v.
 
 Board of Tax Appeals,
 
 148 Ohio St., 654, 76 N. E. (2d), 719, as follows:
 

 “Property to be exempt from taxation as a public college or academy or as land connected with a public institution of learning must be, at the time exemption is sought, owned and operated for such purpose, without any view to profit, by the state or a political subdivision thereof, or, if privately owned, must be used exclusively for the benefit of the public as a public charity, without any view to profit.”
 

 The facts upon which the order denying exemption was based are not set forth in the entry. However the board considered as established by the evidence that the applicant is a charitable institution within the meaning of Section 5353, General Code, and found that by reason of the educational policy of the academy it was convenient and necessary that these properties
 
 “be let to these instructors as residence for them and their families’’
 
 and also that the instructors are required to accommodate academy guests and to entertain student groups for instruction and entertainment when needed and to tutor, brief or otherwise deal with individual students therein.
 

 Although it is urged by counsel for appellant, with
 
 *136
 
 some apparent acquiescence by the Board of Tax Appeals in its entry, that no rent is indirectly paid in that the occupancy of a residence by a member of the faculty is not regarded as a portion of his compensation, it seems rather obvious that their salaries would quite logically be greater if such members of the faculty were required to provide residences for themselves and their families.
 

 Applying the case of
 
 Watterson
 
 v.
 
 Halliday, Aud.,
 
 77 Ohio St., 150, 82 N. E., 962, which held that, “parish houses, otherwise known as the residences of the priests and bishops of the Roman Catholic church, are not exempt from taxation and legal assessments, by virtue of Section 2 of Article 12 of the Constitution of Ohio, nor by the provisions of Section 2732, Revised Statutes [predecessor to Sections 5349 and 5353, General Code], although such places of residence are used by the priests and bishops for the discharge of many duties of a religious and charitable nature, which are imposed by the vows of their ordination and rules of the church,” the Board of Tax Appeals held that the eight residence properties occupied by the instructors are not used for charitable purposes. In arriving at that conclusion, the board held that occupancy by the masters and their families is the primary use of the properties and any such úse as is made by the student body singly or collectively, or by institution guests, is purely secondary and incidental. See
 
 In re Bond Hill-Roselawn Hebrew School,
 
 151 Ohio St., 70, 84 N. E. (2d), 270.
 

 There was evidence on which the Board of Tax Appeals could properly arrive at this conclusion. Residence in a dwelling with a family must necessarily be a private use of the premises. Where the exercise of such private rights constitutes the primary use of property owned by a charitable institution such property is no longer used exclusively for a charitable purpose. See
 
 President and Trustees of The Miami University v. Evatt, Tax Commr.,
 
 144 Ohio St., 434, 59 N. E. (2d),
 
 *137
 
 366;
 
 Society of Precious Blood
 
 v.
 
 Board of Tax Appeals,
 
 149 Ohio St., 62, 77 N. E. (2d), 459;
 
 Mussio
 
 v.
 
 Glander, Tax Commr.,
 
 149 Ohio St., 423, 79 N. E. (2d), 233, and
 
 Cleveland Branch of Guild of St. Barnabas for Nurses
 
 v.
 
 Board of Tax Appeals,
 
 150 Ohio St., 484, 83 N. E. (2d), 229.
 

 Decision of the Board of Tax Appeals is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Turner, JJ., concur.
 

 Stewart and Taet, JJ., dissent.