Taft, J.,
 

 dissenting. The last sentence of Section 5353, General Code, as enacted effective September 27, 1945, reads:
 

 “Real and tangible personal property belonging to institutions used exclusively for charitable purposes, shall be exempt from taxation.”
 

 Both the Board of Tax Appeals and the majority opinion recognize that The Western Reserve Academy is a charitable institution, within the meaning of Section 5353, General Code. Admittedly, therefore, the property for which tax exemption is sought belongs to an institution
 
 (Gerke, Treas.,
 
 v.
 
 Purcell,
 
 25 Ohio St., 229, 244, 245), which institution is “used exclusively for charitable purposes.” The statutory words do not require that the particular property be used ex
 
 *138
 
 clusively for charitable purposes. The words of the statute obviously grant the exemption sought, unless they are to be given a strained and extraordinary meaning.
 

 Prior to the 1929 amendment of Section 2 of Article XII of the Constitution, it had been held that the words of that section required such a strained and extraordinary construction of the similar language of Section 5353, General Code, as then in force, so as to require the use of the particular property to be exclusively for charitable purposes.
 
 Jones, Treas.,
 
 v.
 
 Conn et al., Trustees,
 
 116 Ohio St., 1, 155 N. E., 791. In effect, this court held it necessary to insert by construction the word “and” after the word “institutions. ’ ’
 

 This construction, in 1927, of Section 2 of Article XII of the Constitution, as adopted in 1912, was somewhat different from that which had been previously anticipated (see
 
 Cleveland Bible College
 
 v.
 
 Board of Tax Appeals,
 
 151 Ohio St., 258, 268, 269, 85 N. E. [2d], 284;
 
 Myers, Treas., v. Benjamin Rose Institute,
 
 92 Ohio St., 238, 250, 110 N. E., 929); and may well have been one factor which led to proposal and adoption of the 1929 amendment to that section of the Constitution, which was admittedly designed in part “to provide for a more flexible system of taxation for the state.” See
 
 City of Cleveland
 
 v.
 
 Board of Tax Appeals, ante, 97.
 

 In my opinion, as a result of that amendment, the General Assembly now has general power, subject to the provisions of Article I of the Constitution, to determine exemptions from taxation. My reasons for this conclusion are stated in the dissenting opinion in
 
 City of Cleveland
 
 v.
 
 Board of Tax Appeals, supra.
 
 If the General Assembly has such power, it follows that there is no longer any necessity for a strained and extraordinary construction of the words of Section 5353, General Code. If the words of that section are given their ordinary meaning, the tax exemptions here sought should be granted.
 

 
 *139
 
 However, even if such a strained and extraordinary construction is given to the words of Section 5353, General Code, the exemptions here sought should still be granted, unless previous decisions of this court are to be disregarded.
 

 In
 
 Aultman Hospital Assn.
 
 v.
 
 Evatt, Tax Commr.,
 
 140 Ohio St., 114, 42 N. E. (2d), 646, the syllabus reads:
 

 “Property used exclusively as a home for student nurses, which is owned and maintained by a nonprofit hospital association as a necessary part of a hospital used exclusively for charitable purposes, is exempt from taxation.”
 

 The record in the instant case clearly discloses that the use of the property, for which tax exemption is sought, was just as essential to the conduct of this boarding school for boys of high school age away from their homes as the use of the home for student nurses in the
 
 Aultman case
 
 was to the operation of the hospital.
 

 The rule governing exemption from taxation of property of the kind involved in the instant case was established by this court over 40 years ago in the decision in
 
 Schnebly, Treas.,
 
 v.
 
 Kenyon College,
 
 81 Ohio St., 514, 91 N. E., 1138, unanimously affirming without opinion the decision of the Circuit Court in
 
 Kenyon College
 
 v.
 
 Schnebly, Treas.,
 
 12 C. C. (N. S.), 1, 21 C. D., 150. Five of the six members of this court concurred in that decision, the vote of the sixth member not being indicated.
 

 The unanimous opinion of the Circuit Court in that case was concurred in by Donahue, J., later a member of this court. . The facts in that case did not even indicate the strong necessity, present in the instant case, for use of the premises there involved as a part of the charitable institution. This clearly appears from the court’s opinion, where it is stated on page 2:
 

 
 *140
 
 “It appears that the college has a number of residences which are occupied by the members of the faculty of the college. It has been the policy of the college to permit such of its professors as are married, and also its president, to use these residences, rent free. It further appears that they are primarily residences, and no literary exercises or instruction are conducted , therein. ’ ’
 

 The statutory language relied upon in that case was substantially similar to the language of Section 5349, General Code, which is one of the sections relied upon by Western Reserve Academy in the instant case.
 

 In the court’s opinion, it is said on page 5:
 

 “It is urged upon our attention by the defendant, that these houses, or residences are not used, ‘
 
 exclusively,
 
 ’ for literary purposes, and that unless used exclusively for literary purposes, or for the purpose of instruction, that they are not exempt.
 

 “But there are many buildings connected with colleges and academies which are necessary for the proper conduct of the business of the college, in which literary exercises do not take place, and which are not employed for the purpose of giving instruction. Many buildings are employed for the purpose of storing the necessary equipment and apparatus of the college, or for the purpose of carrying on the experiments, or for the purpose of storing the archives and records of the college, and conducting its financial affairs; yet because these, or any of these, are carried on in the buildings, or a portion thereof, it can not be said, that they are not devoted to the uses and purposes of the college.
 

 “* * *And we think it was the purpose to exempt all buildings that were with
 
 reasonable certainty
 
 used in furthering or carrying out the necessary objects and purposes of the college. * # *”
 

 Reasoning similar to that of the Circuit Court in the
 
 Kenyon College case
 
 was used in reaching the decision
 
 *141
 
 of this court allowing exemption in
 
 In re Bond Hill-Roselawn Hebrew School,
 
 151 Ohio St., 70, 84 N. E. (2d), 270.
 

 In the court’s opinion in the
 
 Kenyon College case
 
 on page 7, the case of
 
 Watterson
 
 v.
 
 Halliday, Aud.,
 
 77 Ohio St., 150, 82 N. E., 962, cited in the majority opinion, is distinguished on the ground that this court, in that case, held that the Roman Catholic church was not an institution of “purely public charity.”
 

 In
 
 Ursuline Academy of Cleveland
 
 v.
 
 Board of Tax Appeals,
 
 141 Ohio St., 563, 49 N. E. (2d), 674, cited in the majority opinion, the court denied exemption, where property purchased for the purpose of developing an educational institution had not yet been used for that purpose. In the court’s opinion, it is said at page 569 with regard to the
 
 Kenyon College case
 
 that “use was made a test of the right to exemption as shown by the first branch of the syllabus and the language of the opinion,” thereby emphasizing the clear applicability of the decision made in the
 
 Kenyon College case
 
 as requiring exemption on the facts presented by the record in the instant case.
 

 The majority opinion cites
 
 President and Trustees of Miami University
 
 v.
 
 Evatt, Tax Commr.,
 
 144 Ohio St., 434, 59 N. E. (2d), 366. In that case, tax exemption was denied for “a residence building” where a life estate therein had been reserved to the grantors in their deed to the university and “the record did not show the residence building and land were used for a tax exempt purpose.” The Board of Tax Appeals had determined that the life estate was taxable in the name of the owner of that estate. This court affirmed that decision. It did not appear that the holders of the life estate, held to be taxable, had any connection with the university. Such a case could obviously have no bearing on the facts involved in the instant case.
 

 None of the other cases cited in the majority opinion is in point. The decisions in
 
 American Committee of
 
 
 *142
 

 Rabbinical College of Telshe, Inc.,
 
 v.
 
 Board of Tax Appeals,
 
 148 Ohio St., 654, 76 N. E. (2d), 719;
 
 Society of Precious Blood
 
 v.
 
 Board of Tax Appeals,
 
 149 Ohio St., 62, 77 N. E. (2d), 459, and
 
 Mussio
 
 v.
 
 Glander, Tax Commr.,
 
 149 Ohio St., 423, 79 N. E. (2d), 233, were each based on a finding that the institution involved was not open to the public. See
 
 Cleveland Bible College
 
 v.
 
 Board of Tax Appeals, supra,
 
 266 and 267. Here, admittedly, Western Reserve Academy is a public college or academy or a public institution of learning not used with a view to profit within the meaning of Section 5349, General Code. In
 
 Cleveland Branch of the Guild of St. Barnabas of Nurses
 
 v.
 
 Board of Tax Appeals,
 
 150 Ohio St., 484, 83 N. E. (2d), 229, it did not appear that the building involved was maintained as a necessary part of any institution used exclusively for charitable purposes as were the properties involved in the
 
 Aultman case,
 
 the
 
 Kenyon College case,
 
 the
 
 Bond Hill-Roselawn Hebrew School case
 
 and the instant case.
 

 In my opinion, the decision of the Board of Tax Appeals, denying the exemption sought, is clearly unreasonable and unlawful.