Per Curiam.

The ultimate question raised on this appeal is whether the real property of The L. B. Harrison is used exclusively for charitable purposes under the provisions of Section 5353, General Code, and is, therefore, exempt from taxation.
The appellant claims that its property, as a whole, including its rooms and cafeteria as well as other portions of its property, is used exclusively for charitable purposes in the promotion of the welfare of young workingmen in Cincinnati. In support of its position it cites, among other cases, Hubbard Press v. Glander, Tax Commr., 156 Ohio St., 170, 101 N. E. (2d), 382 (property devoted to printing, without profit, contribution envelopes for use of churches in their suppoi’t and benevolences); Aullman Hospital Assn. v. Evatt, Tax Commr., 140 Ohio St., 114, 42 N. E. (2d), 646 (property owned by hospital and maintained by it as a home for its student nurses); In re Bond Hill-Roselawn Hebrew School, 151 Ohio St., 70, 84 N. E. (2d), 270 (caretaker, wife and child permitted to live in rooms in house of public worship).
The Board of Tax Appeals found that that part of appellant’s property used for dormitories, dining rooms and kitchen is not used exclusively for charitable purposes; that such part comprehends 45 per cent of the value of the property; and that such part is subject to taxation whereas the remainder of the property is used for charitable purposes and is exempt from taxation. This finding was made pursuant to Section 5560, General Code, providing that if a part of a property, if a separate entity, is exempt from taxation, the listing of such property shall be split and *184 that part used exclusively for exempt purposes listed as exempt from taxation.
This court, in view of the record, is of the opinion that the rental of rooms and the operation of a cafeteria in the property of the appellant are not incidental to any overall program of charitable purpose of the club, and that the Board of Tax Appeals was justified in finding that such portions of the property are not used exclusively for charitable purposes and are therefore not entitled to exemption from taxation. However, the majority of the court is of the opinion that the division made by the Board of Tax Appeals of the property involved herein is not a division of separate entities thereof; that the provisions of Section 5560, General Code, do not 'authorize the division on a percentage basis of the property involved herein into that held to be for charitable purposes and that held to be for noncharitable purposes; and that, therefore, the entire proj)erty involved herein must be held nonexempt from taxation. Welfare Federation of Cleveland v. Glander, Tax Commr., 146 Ohio St., 146, 64 N. E. (2d), 813; Cleveland Branch of Guild of St. Barnabas for Nurses v. Board of Tax Appeals, 150 Ohio St., 484, 83 N. E. (2d), 229; Beerman Foundation, Inc., v. Board of Tax Appeals, 152 Ohio St., 179, 87 N. E. (2d), 474.
The decision of the Board of Tax Appeals is reversed and the cause is remanded to the Board of Tax Appeals for further proceedings in accordance with this opinion.

Decision reversed.

Weygandt, C. J., Zimmerman, Middleton, Matthias and Hart, JJ., concur.
*185 Matthias, J., concurring. I concur for the reasons stated for my dissent in cases Nos. 32774 to 32780, inclusive, this day decided.
Stewart, J., dissents on authority of Goldman, a Taxpayer, v. Friars Club, Inc., post.