DOCTORS HOSPITAL, PLAINTIFF-APPELLANT, *v.* BOARD OF TAX APPEALS ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Tenth District, Franklin County.

No. 6606.   Decided July 5, 1961.

*Mr. Charles J. Chastang*, for plaintiff-appellant.
*Mr. Mark McElroy*, attorney general, and *Mr. John J. Lokos*, assistant attorney general, for Board of Tax Appeals.
*Mr. Earl W. Allison*, prosecuting attorney, and *Mr. Ralph H. Heller*, assistant prosecuting attorney, for County Auditor.

DUFFY, J.   This is an appeal from a decision of the Board of Tax Appeals.   The plaintiff-appellant is a hospital and it sought a tax exemption contending that certain parcels of real

property were being used exclusively for charitable purposes within the purview of Section 5709.12, Revised Code.

The properties in dispute were being used by married resident physicians or married interns, their wives and children. Tax exemptions were given to those properties used by the hospital but which were occupied only by the resident physicians or interns.

The Board's opinion indicated that it had been guided in its determination by two Supreme Court cases, *The Aultman Hospital Assn.*, v. *Evatt, Tax Commr.*, 140 Ohio St., 114, and *The Western Reserve Academy* v. *Board of Tax Appeals, et al.*, 153 Ohio St., 133. In the latter case the teachers and professors of the academy occupied residence quarters together with their wives and children, and the Supreme Court held that the use of the property was essentially and primarily a private use which precluded it from being "an exclusive use for charitable purposes as is required by the statute."

We believe this case can be distinguished from the Western Reserve Academy case for in that case the permanent employees of the institution, and their families, were the occupants of the properties rather than the recipients of the training or education offered by the academy. In the instant case the primary occupants of the properties are the young men who are being trained or educated to carry on the practice of osteopathic medicine. It should be noted that at least on one of the properties involved the building was constructed with funds obtained from an agency of the federal government for intern-housing, and if the housing of resident physicians and interns can be considered as "being used exclusively for charitable purposes" and tax exempt, we do not see that the use of the building is being changed by the addition of wives and children of the trainees. See *Goldman* v. *The Friars Club, Inc., et al.*, 158 Ohio St., 185; and *In re The Bond Hill-Roselawn Hebrew School*, 151 Ohio St., 70. So far as the occupants are concerned this would be temporary housing, and certainly the housing of interns and resident physicians, who are in training at this institution, is an essential part of the hospital's operation which has already been determined to be a "charitable purpose" in as much as the properties used in housing single resident physicians and interns are tax exempt.

The decision of the Board of Tax Appeals is reversed, and cause is remanded to the Board of Tax Appeals for further proceedings in accordance with this opinion.

DUFFEY, P. J., and BRYANT, J., concur.