Per Curiam.

The sole question presented for decision here is whether residence quarters furnished without charge by a charitable hospital to its married interns and residents are entitled to exemption from taxation under that portion.of Section 5709.12, Revised Code, which provides that “real * * * property belonging to institutions that is used exclusively for charitable purposes shall he exempt from taxation. ’ ’
We are not required to decide the question, assumed by the plaintiff to be answered in the affirmative, whether similar quar ■ *285 ters furnished to unmarried interns and residents are so exempt.
A review of the record here reveals no feature of the intern-resident program conducted by the plaintiff hospital, which would take this case out of the rule laid down in Western Reserve Academy v. Board of Tax Appeals, 153 Ohio St., 133, to the effect that residence in a dwelling with a family must necessarily be a private use of the premises and not a use exclusively for charitable purposes. See, also, Watterson v. Halliday, Aud., 77 Ohio St., 150, and Beerman Foundation, Inc., v. Board of Tax Appeals, 152 Ohio St., 179.
The judgment of the Court of Appeals is, therefore, reversed.

Judgment reversed.

Weygandt, C. J., Zimmerman, Matthias, Bell and Doyle, JJ., concur.