UNIVERSITY CIRCLE DEVELOPMENT FOUNDATION,
PLAINTIFF-APPELLANT, *v.* AUDITOR OF CUYAHOGA COUNTY,
DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 26363, 26364.   Decided June 6, 1963.

*Messrs. Jones, Day, Cockley & Reavis, Mr. Victor DeMarco* and *Mr. Raymond J. Durn,* of counsel, for plaintiff-appellant.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Joseph A. Zingales,* assistant prosecuting attorney, for defendant-appellee.

*Per Curiam.*   These two appeals from the Board of Tax Appeals on questions of law have been consolidated for hearing in this court.

Appellant, University Circle Development Foundation, is a non-profit corporation organized in 1957 for the purpose of developing the University Circle area in Cleveland as an educational and cultural center. The three principal institutions

supporting the organization of the Foundation are Western Reserve University, Case Institute of Technology and University Hospitals, all located in the University Circle area. The chief sources of funds of the Foundation are from other charitable organizations and public subscriptions. A board of five trustees operates the Foundation.

The University Circle area is comprised roughly of the land from Wade Park Avenue on the north to Cedar on the south, and from East 118th Street on the east to East 107th Street on the west.

In addition to the three principal institutions mentioned, there are some thirty others, including Mount Sinai Hospital, Cleveland Museum of Art, Severance Hall, Music School Settlement, Institute of Music, Cleveland Institute of Art, Cleveland Museum of Natural History, The Western Reserve Historical Society and Alta House, located in the area.

In connection with its broad purpose, the Foundation acquires and maintains real property as open areas, pedestrian ways and breathing space for the institutions, which is in addition to the existing park system in this area.

In February, 1959, the Foundation acquired a piece of property on Cornell Place which at that time had a private residence thereon. On July 10, 1959, the building was razed and the following year the parcel was landscaped with lawn, shrubbery and trees. On November 16, 1960, acquisition was made by the Foundation of a parcel of real estate on Stearns Road which was landscaped with shrubbery and flowers. Both of these properties, since acquisition by the Foundation, have been devoted to their ultimate use as public grounds, breathing space and as a part of the campus in University Circle. No income of any kind is derived from either of the properties.

Application was made to the Board of Tax Appeals by the Foundation for exemption from real property taxation of these properties. On the Stearns Road property, an exemption was requested for the tax year 1961. With regard to the Cornell Place property, an exemption was sought for the tax year 1961, and also the remission of real property taxes and penalties due thereon for the tax year 1960. Exemption in each instance was sought under favor of Section 5709.12, Revised Code.

After hearing, the Board of Tax Appeals ruled that the

Stearns Road property was not being used exclusively for charitable purposes and, therefore, the application for tax exemption was denied. Likewise, after hearing, the Board found that the Cornell Place property was not being used by the applicant for any purpose, charitable or otherwise, and, therefore, that the property is not being used exclusively for charitable purposes within the meaning of the language used in Section 5709.12, Revised Code, and ordered that the applications for tax exemption and remission be denied.

The question presented on the appeals to this court is whether the decision of the Board of Tax Appeals was unreasonable and unlawful in ruling that property used as campus and common ground for the benefit of charitable and educational institutions and the public generally, as part of a planned cultural and educational development, is not entitled to exemption from real estate taxes.

Upon a careful analysis of these facts in the light of the applicable law, we conclude and, therefore, hold that the decision of the Board of Tax Appeals was unreasonable and unlawful in each instance. The record of testimony and evidence before the Board makes it abundantly clear that the land involved in these two appeals has been used in the years stated for its ultimate purpose, namely, campus land for the benefit of these charitable and educational institutions and the public. As such it is entitled to be exempted from real estate tax. See *Western Reserve Academy* v. *Board of Tax Appeals*, 153 Ohio St., 133, 91 N. E. (2d), 497; *The College Preparatory School for Girls* v. *Evatt*, 144 Ohio St., 408, 59 N. E. (2d), 142; *Trustees of Miami University* v. *Evatt*, 144 Ohio St., 434, 59 N. E. (2d), 366; *Kenyon College* v. *Schnebly*, 31 C. C., 150, affirmed 81 Ohio St., 514, 91 N. E., 1138.

There is no question from the record as to the charitable purpose of the Foundation; there is no question from the record as to the worthy use to which the land is to be put.

Such activity on the part of private organizations should be supported, encouraged and stimulated within the law. Such unselfish enterprise for the common good is to be highly commended.

The decision of the Board of Tax Appeals in each of the

two cases is reversed as being unreasonable and contrary to law and final judgment is rendered to appellant in each case.

KOVACHY, P. J., ARTL and CORRIGAN, JJ., concur.