The Elizabeth Gamble Deaconess Home Assn., Appellant, *v.* Schneider, Tax Commr., et al., Appellees. (Two cases.)

[Cite as Elizabeth Gamble Deaconess Home Assn. v. Schneider, Tax Commr., 4 Ohio App. 2d 267.]

(Nos. 9663 and 9664—Decided May 10, 1965.)

*Messrs. Nippert & Nippert*, for appellant.

*Mr. William B. Saxbe*, attorney general, *Mr. Thomas J. Moyer, Mr. Melvin G. Rueger* and *Mr. Raymond C. Wetherell*, for appellees.

Hover, J. These cases are consolidated for purposes of an appeal from the Board of Tax Appeals denying exemption to two separate parcels of real estate representing recent accretions to the property of the appellant, The Elizabeth Gamble Deaconess Home Association, a charitable organization not for profit. In each instance, the property for which exemption is sought pursuant to Section 5709.12, Revised Code (real property belonging to institutions that is used exclusively for charitable purposes), consists of a house and lot adjoining the present holdings of the appellant. These consist of an assemblage of property and buildings constituting the major portion of some

six or seven city blocks upon which is located a 500-bed hospital, a large residence hall for nurses, and other buildings and facilities incidental to the operation of the hospital. All this property has been previously determined to be tax exempt.

The two parcels with which the court is here concerned consist of a residence house located on a triangular shaped lot approximately 80 x 80 feet, having a total current tax value of approximately $6,000. This is occupied by a husband and wife, the husband holding the position of director of maintenance of the hospital and receiving compensation of $8,000 per year, plus residence privileges in the house. The other parcel consists of a residence building on a lot approximately 34 x 100 feet, having a total tax value of approximately $4,700 and presently lived in by a 72-year-old man who has been an employee of the institution for 58 years, has the title of caretaker, and receives compensation of $30 per month, plus the privilege of living in the house. The record shows in each instance that the resident employees are expected to be on 24-hour call.

The two applications for exemption were denied by the board on the ground that ''any property used exclusively to furnish a place of private residence to its employees cannot qualify under the statute as property used exclusively for charitable purposes.'' The board cites among other adjudications, *Western Reserve Academy* v. *Board of Tax Appeals*, 153 Ohio St. 133, which involved property used for faculty residences at an educational institution. The appellant alleges, pursuant to the applicable statute (Section 5717.04, Revised Code), that the foregoing decision is unreasonable and unlawful.

With this contention the court is in agreement, primarily on the basis of *In re Bond Hill-Roselawn Hebrew School*, 151 Ohio St. 70, and (although a different exemption statute was involved) on the basis of the extended discussion of real estate tax exemptions and the analysis of most pertinent previous adjudications in the recent case of *Denison University* v. *Board of Tax Appeals* (March 31, 1965), 2 Ohio St. 2d 17. This case specifically overrules the *Western Reserve case* above.

As we understand it, the distinction existing in the furnishing of residence facilities in connection with a charitable institution now depends upon the relative value by way of service, derived by the institution from the ''living-in,'' compared to the

furnishing of residence facilities as a convenience to or by way of an added remuneration for the employee.

The circumstances upon which the present claims for exemption are based are identical in principle with those existing in the *Bond Hill-Roselawn case*, above. It cannot be seriously doubted that the immediate availability of a director of maintenance is of great value to a large hospital and, conversely, not profit for the institution arising from a diminished salary to the employee concerned. As to the very modest facilities furnished the caretaker, in addition to a salary of $30 per month, it might well be asked what is the subject and who the object of the charity?

It has been observed, both in the *Bond Hill-Roselawn case*, above, and in other similar cases, that provisions for exemption from taxation, while they should be given a strict construction, should not be so construed as to defeat the obvious purpose of the exemption or in a manner which is unreasonable.

In the instant cases there is no hint of profit accruing to the applicant by virtue of the use of these two comparatively minor pieces of real estate. This operation is no more profitable than are the facilities which any modern hospital provides for pay to private patients with items of every-day need, or in conducting a lunch counter or parking lot for the convenience of visitors and others.

The requirement that the use be exclusively charitable does not extend to unreasonable lengths, but merely requires that the real purpose of the use to which the property is put should be in direct furtherance of the work carried on in the institution, such as the use by specific custodial and maintenance employees of the two parcels here involved.

The decision of the Board of Tax Appeals denying tax exemption is, accordingly, reversed as being unreasonable and unlawful, and it is directed that the two parcels here involved be declared to have the same tax exemption status as the balance of the appellant's assemblage.

*Decisions reversed.*

HILDEBRANT, P. J., and LONG, J., concur.