CLEVELAND STATE UNIVERSITY ET AL., APPELLANTS, *v*. PERK, AUDITOR, APPELLEE.

[Cite as Cleveland State Univ. v. Perk (1971), 26 Ohio St. 2d 1.]

(No. 70-235—Decided March 31, 1971.)

*Mr. Paul W. Brown,* attorney general, *Mr. Sidney D. L. Jackson, Jr., Messrs. Baker, Hostetler & Patterson, Mr. Parker M. Orr* and *Mr. Gerald W. Boston,* for appellant Cleveland State University.

*Messrs. Krause & Stanton,* for appellant Modulux, Inc.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Thomas P. Cyrus,* for appellee.

LEACH, J. The first question presented by this appeal is whether Cleveland State had "standing" to make application to the Board of Tax Appeals seeking exemption from real property taxation for the buildings in question. If it did not, it would not have been a proper "party" in the proceedings before the board, and it would not be a proper party-appellant in this court.

Reliance for the position that Cleveland State was not

4

a proper party is had by appellee, as it apparently also was by the board, upon that portion of R. C. 5713.08, reading:

"Taxes and penalties, which had accrued after the property was first used for the exempt purpose, but in no case prior to the date of acquisition of the title to said property by applicant, may be remitted by the auditor, with the consent of the board."

This language of R. C. 5713.08 does not purport to deal with the question of *who* may apply for exemption; rather it deals with the *remission* of taxes which have already accrued on properties entitled to exemption.

We find no statutory inhibition against the filing of such an application by Cleveland State. The language of R. C. 5715.27 providing that "any person * * * authorized by Section 5715.19 of the Revised Code to file complaints with the county board of revision may complain to the Board of Tax Appeals * * * as to the liability of any property to taxation in that year, or its exemption therefrom," when read with the language of R. C. 5715.19 authorizing the filing of "a complaint as to the violation or assessment of his own or another's real property," makes it clear that a complainant is not required to be the fee title owner of real property in order to have *standing* to seek tax exemption of such property.

If the common law principles of "real party in interest" be required to establish "standing," such requirement is met in this case. Here, Cleveland State has a leasehold interest in the buildings sought to be exempted, is the owner of the underlying fee in the land, and, by contract, has obligated itself financially for the full amount of any real property taxes imposed on the buildings.

We conclude, therefore, that a lessee of buildings located on land which is owned by the lessee who, by the terms of the lease, has obligated itself for the full amount of any real estate taxes assessed against the buildings and the land has standing to file with the Board of Tax Appeals an application for exemption of such buildings from

taxation, application for exemption of the land having been already granted.

No claim is made by the appellants that the buildings are exempt from taxation under R. C. 5709.08 or 5709.12. Appellants now concede that the buildings do not constitute real property "belonging to the state * * * used exclusively for a public purpose" (R. C. 5709.08), and that they do not constitute real property "belonging to institutions that is used exclusively for charitable purposes" (R. C. 5709.12).

The specific issue presented is whether the buildings in question are exempted from taxation under R. C. 5709.07 which reads, in pertinent part:

"Public schoolhouses and houses used exclusively for public worship, the books and furniture therein, and the ground attached to such buildings necessary for the proper occupancy, use, and enjoyment thereof, and not leased or otherwise used with a view to profit, *public colleges and academies and all buildings connected therewith*, and all lands connected with public institutions of learning, not used with a view to profit, shall be exempt from taxation. * * *" (Emphasis added.)

Appellants assert that the buildings in question are exempt from taxation as "buildings connected" with a public college. Looking solely at the language "public colleges and academies and all buildings connected therewith," we think it clear that the buildings in question, standing on the campus of Cleveland State and being used solely for classrooms and faculty offices, are buildings "connected" with a public college. Thus it would appear that the buildings are entitled to tax exemption unless such a result is contra-indicated by some other provision of law, either constitutional or statutory.

We find no constitutional inhibition against the granting of such. As was stated in paragraph three of the syllabus of *Denison University* v. *Board of Tax Appeals* (1965), 2 Ohio St. 2d 17:

"By reason of the amendment of Section 2 of Article

XII of the Ohio Constitution effective in 1931 the General Assembly now has a power to determine exemptions from taxation that is limited only by the provisions of Article I of the Ohio Constitution. (*State, ex rel. Struble*, v. *Davis et al., Tax Comm.*, 132 Ohio St. 555, approved and followed; paragraph two of the syllabus in *City of Cleveland* v. *Board of Tax Appeals*, 153 Ohio St. 97, overruled.)''

Appellee asserts that it has long been ''established law in Ohio that in order that property be exempted from taxation the said property must belong to a charitable institution and [be] used by the said charitable institution for charitable purposes'' and that this principle of law is applicable to R. C. 5709.07 as well as to R. C. 5709.08 and 5709.12.

Such assertion overlooks the holding of this court in paragraph four of the syllabus in the *Denison University* case (2 Ohio St. 2d 17) that:

''Exclusive use for a charitable purpose is not a pre-requisite to tax exemption under Section 5709.07, Revised Code, for buildings of a private college or academy or lands connected with a public institution of learning. (Paragraph two of the syllabus of *Ursuline Academy of Cleveland* v. *Board of Tax Appeals*, 141 Ohio St. 563, distinguished as *dicta* and disapproved.)''

Appellee also appears to be contending that the language of R. C. 5709.07 ''not used with a view to profit'' refers to and controls the language ''public colleges and academies and all buildings connected therewith''; that the buildings are used by their owner, Modulux, with a view to profit by deriving rental therefrom, thus precluding tax exemption under the language of R. C. 5709.07 itself.

Legal precedent of long standing, however, has adopted a different interpretation of such language. In *Kenyon College* v. *Schnebly* (1909), 12 C. C. (N. S.), 1, 5, the court stated:

''* * * But the plain language of the statute is, 'All public colleges, public academies, all buildings connected with the same, are exempt.' And we think it was the pur-

pose to exempt all buildings that were with *reasonable certainly* used in furthering or carrying out the necessary objects and purposes of the college. We do not think the term 'not used with a view to profit' refers to or controls the clauses 'all public colleges, public academies, all buildings connected with the same,' but refers to simply the clause preceding it in the statute 'all lands connected with public institutions of learning, not used with a view to profit.' "

That case was affirmed by this court without opinion (81 Ohio St. 514), and was later approved and followed in the *Denison University* case (2 Ohio St. 2d 17), the second paragraph of the syllabus reading:

"All buildings connected with such a public college or academy and used with reasonable certainty in furthering or carrying out the necessary objects and purposes of such academy or college, including the president's residence, and all lands connected with such a public institution of learning and not used with a view to profit are exempted from taxation by Section 5709.07, Revised Code. (*Kenyon College* v. *Schnebly, Treas.*, 81 Ohio St. 514, approved and followed, and *Western Reserve Academy* v. *Board of Tax Appeals,* 153 Ohio St. 133, overruled to the extent inconsistent therewith. *Watterson* v. *Halliday, Aud.,* 77 Ohio St. 150, distinguished.)"

The statements of the Circuit Court in *Kenyon,* quoted above, were specifically approved and applied in *Denison,* Chief Justice Taft stating, at pages 21 and 22 of the opinion:

"We agree with the statements of the Circuit Court in that case that 'the plain language of the statute is "all public colleges, public academies, all buildings connected with the same, are exempt" and we think it was the purpose to exempt all buildings that were with *reasonable certainty* used in furthering or carrying out the necessary objects and purposes of the college,' and that 'the statute is clear, that all lands connected with public institutions of learning, "*not used with a view to profit*" are exempt.'

"* * *

8

"As to the buildings involved in the instant case, it is apparent that all are connected with Denison University, a public college. Furthermore, they are 'with reasonable certainty used in furthering or carrying out the necessary objects and purposes of' the college. They are, therefore, specifically exempted from taxation by Section 5709.07, Revised Code. The land not occupied by buildings and connected with Denison University, a public institution of learning, is also exempted from taxation by that statute if 'not used with a view to profit.' "

Thus it appears that the buildings in question are entitled to tax exemption, even if "used with a view to profit" within the meaning of those words in R. C. 5709.07. We need not decide, therefore, whether a determination of "used with a view to profit," within the purview of R. C. 5709.07, should be made with reference to the actual physical "use" of the buildings themselves by Cleveland State, or to the "use" of the rights of ownership by Modulux to acquire rental payments therefor.

We conclude, therefore, that under the provisions of R. C. 5709.07, exempting from taxation "public colleges and academies and all buildings connected therewith," buildings located on the campus of a state university and used exclusively for classrooms and faculty offices are exempt from taxation, even though such buildings are not owned by the university, but are leased for a term of years, with provision for rental therefor, from a corporation for profit.

The decision of the Board of Tax Appeals, being unreasonable and unlawful, is reversed, and the cause is remanded with direction to allow the tax exemption sought.

*Decision reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN and STERN, JJ., concur.