HARP, MAYOR, VILLAGE OF SEBRING, APPELLANT, *v.* THE
COPE UNITED METHODIST HOME, APPELLEE, ET AL.

(No. 71-200—Decided February 2, 1972.)

*Mr. Richard C. Ross* and *Mr. Fred Coope*, for appellant.

*Messrs. Blumenstiel, Williams & Blumenstiel* and *Mr. J. B. Blumenstiel*, for appellee.

*Per Curiam.* This case turns on the extent to which R. C. 5715.27 may be utilized by the appellant to obtain a review of a decision by the Board of Tax Appeals to exempt certain of the appellee's real property from taxation.

R. C. 5715.27 states:

"Any person, board, or officer authorized by Section 5715.19 of the Revised Code to file complaints with the county board of revision may complain to the Board of Tax Appeals at any time prior to the thirty-first day of December in any year of the *determination of a county auditor* as to the liability of any property to taxation in that year, or its exemption therefrom. The Board of Tax Appeals shall hear such complaint, determine whether the property complained of is subject to taxation, and certify its findings to the auditor, who shall correct the tax list and duplicate accordingly." (Emphasis added.)

It is the appellee's main contention that a decision by the board to grant an exemption cannot be construed as a "determination" of a county auditor. We disagree.

R. C. 5715.19 recognizes the right of any taxpayer, and specifically any mayor of any municipal corporation in a county, to file a complaint with the county auditor respecting the valuation or assessment of any real property on the tax duplicate. The county auditor is then required to lay the complaint before the county board of revision for action. Reading such section in conjunction with R. C. 5715.-27, we believe the appellant, as such a mayor, occupies a status which enables him to invoke the latter section and make a direct complaint to the Board of Tax Appeals concerning the failure of the county auditor, as the deputy or

agent of the board, to list and assess the real property of the appellee herein. In the instant case, this right accrued irrespective of the fact that the board itself previously granted the exemption.

In *State, ex rel. Hepperla, v. Glander* (1953), 160 Ohio St. 59, 113 N. E. 2d 357, a relator sought to compel the Auditor of Cuyahoga County to place certain property of the city of Cleveland on the tax list through an action in mandamus. We affirmed the dismissal of that action on the ground that relator had an adequate remedy at law, *i. e.,* G. C. 5616. Specifically, at page 62, we said:

"Under this section, relator had the right to complain to the Board of Tax Appeals with respect to the failure of the Cuyahoga county auditor to place the real estate of the city of Cleveland * * * on the tax list and duplicate * * *."

G. C. 5616 was practically identical to the present R. C. 5715.27.

Furthermore, in *Hepperla,* we discussed the import of the word "determination," regarding the tasks of the county auditor, and observed:

"However, the relator insists he could not proceed under Section 5616, General Code, because there was no 'determination' by the county auditor, within the meaning of that section, with respect to the taxability of the described property. It seems to us that the fact that the county auditor did not place such property on his records as taxable assets of the municipality for the years in issue constitutes a 'determination' on his part that such property enjoyed an exempt status and was, therefore, not subject to taxation."

Much the same problem arose in the earlier case of *State, ex rel. Hile, v. Zangerle* (1937), 132 Ohio St. 523, 9 N. E. 2d 292. There, relator sought a writ of mandamus to compel the county Auditor of Cuyahoga County to "levy a tax" on all the property of the Cleveland Metropolitan Park District. We declined to issue the writ on the ground that relator had an adequate remedy at law, *i. e.,* G. C. 5616. We said that "Section 5616, General Code, authorizes a tax-

payer to file a complaint against an exemption of property from taxation * * *.''

In a more recent case, we alluded to a similar interpretation of R. C. 5715.27, the successor to G. C. 5616. See *Cleveland State Univ.* v. *Perk* (1971), 26 Ohio St. 2d 1, 268 N. E. 2d 577.

We do not share appellee's fear that such an interpretation will give rise to a sudden flood of appeals concerning exemption allowances. For better than half a century, the tax collectors of this state have lived with this very appellate procedure in much the same form. Nor do we believe that R. C. 5715.27 ''emasculates'' the review procedures as set down in R. C. 5717.04. They continue to exist side by side with no ill effect as exemplified by the instant case.

R. C. 5717.04 affords review in this case only to:

''* * * any of the persons who were parties to such appeal or application before the board, by any persons to whom the decision of the board appealed from was by law required to be certified, or by any other person to whom the board certified the decision appealed from, as authorized by Section 5717.03 of the Revised Code.''

It is abundantly clear that the taxpayers of Mahoning County were not entitled, as the appellant herein was not entitled, to appeal the board's decision to exempt appellee's real property from taxation under R. C. 5715.27. And yet it is they, jointly and individually, who ultimately must bear the burden of the exemption. It is our belief that R. C. 5715.27 affords them the opportunity to legitimately come forward and show, if they can, why the exemption ought not to be granted.

Accordingly, the decision of the Board of Tax Appeals will be reversed, and the cause is remanded to the board for hearing pursuant to R. C. 5715.27.

*Decision reversed.*

Schneider, Herbert, Kerns and Corrigan, JJ., concur. O'Neill, C. J., Stern and Leach, JJ., dissent.

KERNS, J., of the Second Appellate District, sitting for DUNCAN, J. JUDGE KERNS of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE DUNCAN and JUDGE KERNS did so and heard and considered this cause prior to the resignation of JUSTICE DUNCAN on November 28, 1971.

LEACH, J., dissenting. The Board of Tax Appeals, in effect, concluded that the "determination * * * as to the liability of * * * [the] property to taxation in that year [1970], or its exemption therefrom" was not made by the county auditor but was made by the Board of Tax Appeals, and thus dismissed the complaint "without prejudice to complainant's right to file a complaint with respect to the taxable status of the property for the tax year 1971."

R. C. 5715.27 does not authorize complaints to the Board of Tax Appeals from *any* "determination" of liability of property to taxation, but only as to a *particular year,* and only from "the determination of a *county auditor.*"

Although not expressly stated, it apparently is the conclusion of the majority that the county auditor did make such a "determination" in 1970, reliance being had on language quoted from the opinion in *State, ex rel. Hepperla,* v. *Glander* (1953), 160 Ohio St. 59, at page 63, to the effect that the failure of the auditor to "place such property on his records as taxable assets * * * for the years in issue constitutes a 'determination' on his part that such property enjoyed an exempt status * * *."

I agree that the action of a county auditor in either placing or failing to place particular property on his records as taxable constitutes a "determination" within the meaning of R. C. 5715.27, *if* the auditor, as to the *year in question,* has the *authority* to make such a *determination.* As to the property in question, however, the county auditor lacked authority to make such a determination.

In *State, ex rel. Methodist Book Concern,* v. *Gucken-*

*berger* (1937), 133 Ohio St. 27, the syllabus reads:

"1. Under the provisions of Section 5570-1, General Code [R. C. 5713.08], the Tax Commission [Board of Tax Appeals] has *exclusive authority* to declare property exempt, but the *county auditor has authority in any year thereafter* to strike property items from the exempt list and place them on the taxable list.

"2. The county auditor, in striking property items from the exempt list, is performing a ministerial function and the aggrieved party may appeal to the Tax Commission under the provisions of Section 5616, General Code [R. C. 5715.27]. Therefore, writ of prohibition will not issue to prohibit the county auditor from transferring items from the exempt to the taxable list, since there are other adequate remedies available." (Emphasis added.)

See, also, *Pfeiffer* v. *Jenkins* (1943), 141 Ohio St. 66, and *Toledo* v. *Jenkins* (1944), 143 Ohio St. 141.

I would affirm the decision of the Board of Tax Appeals.

O'NEILL, C. J., and STERN, J., concur in the foregoing dissenting opinion.