Lundberg Stratton, J.,
concurring.
{¶ 40} Case law constrains me to concur in the majority’s holding, but I write to express my concern that our holding places community schools in a conundrum as to how to pay property taxes on leased property, because community schools *187 are funded by state funds but are prohibited by law from using those funds to pay taxes.
{¶ 41} Cincinnati College Preparatory Academy (“CCPA”) is a community school as defined in R.C. Chapter 3314. Pursuant to R.C. Chapter 3314, community schools are public schools and are part of the state’s program of education. R.C. 3314.01(B). Thus, community schools receive state funding. See R.C. 3314.08. However, community schools cannot use state funds to pay any taxes that they owe. R.C. 3314.082.
{¶ 42} CCPA leased property to use for its schoolhouse pursuant to a triple-net lease, which is standard practice for commercial properties and requires the lessee to assume certain obligations pertaining to the leased property, including utilities, maintenance, insurance, and taxes. See, e.g., AEI Net Lease Income & Growth Fund v. Erie Cty. Bd. of Revision, 119 Ohio St.3d 563, 2008-Ohio-5203, 895 N.E.2d 830, ¶ 6. Thus, CCPA was obligated by the lease to pay any taxes due on the property.
{¶ 43} Generally, R.C. 5709.07 exempts property from taxation that is used for certain charitable activities, and in particular, subsection (A)(1) exempts from taxation “public schoolhouses” and “the ground attached to them” as long as the property is “not leased or otherwise used with a view to profit.” In my opinion, it is the lessee’s use of the property that should determine whether the property qualifies for a tax exemption under R.C. 5709.07(A)(1). For example, if the lessee uses property for a public schoolhouse and has no view to profit in doing so, the property should be exempt from taxation. However, as the majority opinion makes clear, case law does not support my view and instead supports our holding that a public schoolhouse is not exempt from taxation if the owner of the property leases it with a view to profit.
{¶ 44} My concern is that our holding creates a predicament for community schools that lease the property and buildings that they use to operate the schools. Under our holding, lessors who lease property for use as a schoolhouse will fail to qualify for an exemption under R.C. 5709.07(A)(1) when the lessor leases the property with a view to profit. The property-tax obligation is passed on to the community school pursuant to the triple-net lease. However, community schools are prohibited by law from using state funds to pay these taxes. In my opinion, disqualifying property from the schoolhouse exemption when it is used for a public schoolhouse merely because the property’s lessor has a view to profit seems to run contrary to the general intent within R.C. 5709.07, and causes community schools that lease property to face a conundrum as to how they will pay the real estate taxes.
{¶ 45} Accordingly, although I concur in the holding in this case, I invite the General Assembly to amend R.C. 5709.07(A)(1) if its members share my concerns. *188 The General Assembly created an exemption for buildings that are “connected with” colleges, irrespective of whether the lessor leases buildings with a view to profit. See Cleveland State Univ. v. Perk, (1971), 26 Ohio St.2d 1, 55 O.O.2d 1, 268 N.E.2d 577. The General Assembly could amend R.C. 5709.07(A)(1) to achieve a similar result.
Eastman & Smith, Ltd., Graham A. Bluhm, M. Charles Collins, and Amy J. Borman, for appellees.
Richard Cordray, Attorney General, and Lawrence D. Pratt, Barton A. Hubbard, and Sophia Hussain, Assistant Attorneys General, for appellant.
{¶ 46} Accordingly, I concur.