Pfeifer, J.,
dissenting.
*163 {¶ 47} Because the majority adds a requirement to R.C. 5709.07(A) that is not in the statute, I dissent. I would hold instead that the decision of the Board of Tax Appeals (“BTA”) was reasonable and lawful.
{¶ 48} Under R.C. 5709.07(A)(4), the following property is exempt from taxation: “Public colleges and academies and all buildings connected with them, and all lands connected with public institutions of learning, not used with a view to profit.” The BTA reasonably and lawfully determined that the buildings leased by Columbus State Community College are entitled to exemption under R.C. 5709.07(A)(4) because they are “connected with” the community college. The majority does not quarrel with the fact that Columbus State used the property at issue for basic institutional purposes, educating an annual enrollment of 1,490 students at the Dublin property and 490 students at the Groveport property. I would hold that those facts, which demonstrate a use of the property for core educational purposes, provide the requisite connection between the buildings and Columbus State to allow the exemption.
{¶ 49} But the majority inserts an additional requirement for the exemption— that the land beneath the buildings be owned by the public college — which it claims was made mandatory by this court in Cleveland State Univ. v. Perk, 26 Ohio St.2d 1, 268 N.E.2d 577 (1971). In Perk, this court considered whether the exemption in former R.C. 5709.07, which was identical in all meaningful respects to the version of the statute at play in this case, should apply to temporary buildings leased to Cleveland State University. A few years after Cleveland State’s 1964 founding, “apparently lacking financial ability to build needed classrooms and faculty offices, its board of trustees * * * entered into an agreement with Modulux, Inc., a corporation for profit, by which Cleveland State leased from Modulux seven temporary relocatable buildings for a term of three years with an option for a one-year or two-year renewal.” Id. at 2. Modulux and Cleveland State, which was contractually obligated to reimburse Modulux for any property taxes it paid on the buildings, sought an exemption from property taxes. The BTA denied the exemption, basing its decision on the for-profit nature of Modulux, and ignoring the educational use of the buildings:
“The buildings are being used by Modulux, Inc., a corporation for profit, to generate income and profit. The fact that the lessee uses the property for educational purposes is immaterial. Modulux, Inc., is not an institution of learning and, as owner of the subject property, Modulux, Inc., is not using the property for educational purposes.”
*164 Id. at 3, quoting the BTA’s decision.
{¶ 50} This court reversed, holding instead that the fact that the lessee used the property for educational purposes was not immaterial, but crucial: “Looking solely at the language ‘public colleges and academies and all buildings connected therewith,’ we think it clear that the buildings in question, standing on the campus of Cleveland State and being used solely for classrooms and faculty offices, are buildings ‘connected’ with a public college.” Id. at 5.
{¶ 51} The majority has made this court’s recognition in Perk that the buildings at issue were on Cleveland State’s campus a sine qua non of eligibility for an R.C. 5709.07(A) exemption. However, although the building’s location may have been a factor in cementing the connection of the buildings to Cleveland State, their location was not an indispensable part of the holding.
{¶ 52} Perk resolved two key issues. First, the court held that the applicant for the exemption need not be the owner. The second issue was whether the limiting phrase “not used with a view to profit” of R.C. 5709.07 controlled the phrase “public colleges and academies and all buildings connected therewith.” The court held that the limiting phrase applied to lands, not buildings. This court concluded, “Thus it appears that the buildings in question are entitled to tax exemption, even if ‘used with a view to profit’ within the meaning of those words in R.C. 5709.07.” Perk, 26 Ohio St.2d at 8, 268 N.E.2d 577. Thus, this court held that buildings connected with public colleges are exempt from taxation, even if they are not owned by the public college and even if a nonpublic entity profits from the public college’s use of the buildings.
{¶ 53} Whether the buildings were connected with Cleveland State was never an issue in Perk. Yes, the court noted that the buildings were on the campus of Cleveland State and used exclusively for classrooms and offices, but this court in no way held that buildings must be on an institution’s main campus in order to qualify for the exemption. All that the statute requires is that the building be connected with the college. Perk does not hold otherwise.
{¶ 54} The exemption at issue applies to the buildings, and thus, who owns the land below the buildings is not relevant. R.C. 5709.07(A)(4) treats land differently from buildings. This case is about buildings. The buildings in this case are indisputably connected to Columbus State. Two thousand students per year went to these buildings in order to earn credits for a degree from Columbus State. Are those credits worth less than those earned in a building on the main campus in downtown Columbus? Should Columbus State be punished for its efforts at suburban outreach? As the majority acknowledges, it is Columbus State — like Cleveland State in Perk —that will be paying the taxes in this case if the R.C. 5709.07 exemption is deemed inapplicable. Ultimately, that burden will *165 fall upon students and taxpayers. Certainly the General Assembly had that fact of life in mind when it instituted the exemption.
Luper, Neidenthal & Logan, Matthew T. Anderson, and M. Salman Shah, for appellees.
Michael DeWine, Attorney General, Barton A. Hubbard and David D. Ebersole, Assistant Attorneys General, for appellant Tax Commissioner of Ohio.
Rich & Gillis Law Group, L.L.C., Mark H. Gillis, and Kimberley G. Allison, for appellants Dublin City School District Board of Education and Columbus City School District Board of Education.
{¶ 55} The General Assembly has determined that buildings used to educate Ohioans at public colleges are exempt from taxation. This court has previously determined that that exemption should apply regardless of the owner of the buildings. But the majority takes an incidental fact from Perk and makes it an essential element of eligibility for an R.C. 5709.07(A)(4) exemption. In doing so, it ignores the intent of the statute and encumbers the mission of community colleges in Ohio.
Lanzinger and O’Neill, JJ., concur.