Matthias, J.
 

 The only question presented by the record is whether the decision of the Board of Tax Appeals denying the exemption sought was reasonable and lawful.
 

 
 *416
 
 A full and complete statement of the facts relative to the use of the premises provides an answer to this question. The property involved in this controversy consisted of a single building located on a corner lot, approximately sixty feet wide and two hundred feet deep, at the intersection of East boulevard and Park-gate avenue. The title to the property is in the name of Rabbi Elijah M. Bloch and Rabbi Chaim Mordecai Katz. The record discloses that the premises are used as a rabbinical college, and were acquired for that purpose in November, 1941. It is operated by the American Committee of Rabbinical College" of Telshe, Inc., a corporation not for profit, organized under the Gener'al Corporation Act of Ohio. Rabbi Bloch is the president of the corporation, and both he and Rabbi Katz are employed as teachers. It is disclosed that they hold the property in trust for the corporation.
 

 The building is in fact used as an orthodox Jewish theological seminary. The record shows that the basement is used as a dining room and kitchen where meals are served to the students. On the first floor there are at least three rooms used as a lecture room, a study room and a synagogue. Services are held in the synagogue, which' are attended by residents of the neighborhood. An office is also maintained on the first floor. The second floor is divided into six rooms, all of which are equipped as dormitories, one room being occupied by Rabbi Katz, another by Rabbi Bloch and the remaining rooms by students. There are also two additional dormitory rooms on the third floor, likewise occupied by students.
 

 The occupancy of rooms by students is without charge, and ninety per cent of them do not pay for their meals; nor is any tuition charged. No meáis are served other than to the students and instructors. The -school is supported by donations from the alum
 
 *417
 
 ni and some organizations maintained in different cities throughout the country.
 

 The reason assigned by the Board of Tax Appeals for the denial is that the “property is not in the name of any public college or academy.”
 

 Appellants vigorously contend that under the provisions of Section 5349, General Code, the section upon which this application for exemption is based, ownership of the property by public college or academy is not a prerequisite to exemption. However, as held by this court in the second paragraph of the syllabus of
 
 Board of Education of Cleveland Heights City School District
 
 v.
 
 Evatt, Tax Commr.,
 
 136 Ohio St., 283, 25 N. E. (2d), 453, “this court will not interfere with a decision of the Board of Tax Appeals unless it appear from a consideration of the entire record that such decision is unreasonable or unlawful.”
 

 This view is further supported by the case of
 
 In re Complaint of Taxpayers,
 
 138 Ohio St., 287, 34 N. E. (2d), 748.
 

 Section 5349, General Code, upon which appellant relies, is as follows:
 

 “Public school houses and houses used exclusively for public worship, the books and furniture therein and the ground attached to such buildings necessary for the proper occupancy, use and enjoyment thereof and not leased or otherwise used with a view to profit, public colleges and academies and all buildings connected therewith, and all lands connected with public institutions of learning, not used with a view to profit, shall be exempt from taxation. This section shall not extend to leasehold estates or real property held under the authority of a college or university of learning in this state, but leaseholds, or other estates or property, real or personal, the rents, issues, profits and income of which is given to a city, village, school district,
 
 *418
 
 or subdistrict in this state, exclusively for the use, endowment or support of schools for the free education of youth without charge, shall be exempt from taxation as long as such property, or the rents, issues, profits or income thereof is used and exclusively applied for the support of free education, by such city, village, district or subdistrict.”
 

 Before property of a college or academy may be exempted from taxation under Section 5349, General Code, proof is essential that such college or academy is a public schoolhouse, or a house used exclusively for public worship, or a public college or academy, or land connected with a public institution of learning,, “not used with a view to profit”; or, under Section 5353, General Code, that such property is being “used exclusively for a charitable purpose” at the time the exemption is sought.
 
 Ursuline Academy of Cleveland
 
 v.
 
 Board of Tax Appeals,
 
 141 Ohio St., 563, 49 N. E. (2d), 674;
 
 College Preparatory School for Girls
 
 v.
 
 Evatt, Tax Commr., ante
 
 408.
 

 The record does .not disclose the method of admission to the school, but does clearly show that the premises are used as a school, the primary purpose of which is the education and preparation of young men to become rabbis of the orthodox Jewish faith. The record' fails to show any “charitable use” of the premises, or even an exclusively religious use. The use disclosed by the record is private in character.
 

 Such property neither belonging to a public college or institution of learning nor being devoted to “any charitable use,” the decision of the Board of Tax Appeals is not unreasonable and unlawful. Its decision is therefore affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner and Hart, JJ., concur.