Hart, J.
 

 The application for exemption from taxation of the property in question was based on the provisions of Section 5349, General Code, exempting certain public colleges, academies and lands connected with public institutions of learning. Property to be exempt from taxation as a public college or academy or as land connected with a public institution of learning must be, at the time exemption is sought, owned and operated for such purpose, without any view to profit, by the state or a political subdivision thereof, or, if privately owned, must be used exclusively for the benefit of the public as a public charity, without any view to profit.
 
 Gerke, Treas.,
 
 v.
 
 Purcell,
 
 25 Ohio St., 229, 242, 246;
 
 Ursuline Academy of Cleveland v. Board of Tax Appeals,
 
 141 Ohio St., 563, 49 N. E. (2d), 674;
 
 College Preparatory School for Girls
 
 v.
 
 Evatt, Tax Cmmr.,
 
 144 Ohio St., 408, 59 N. E. (2d), 142. The institution here seeking to have its property exempted from taxation does not qualify under either category.
 
 Bloch
 
 v.
 
 Board of Tax Appeals,,
 
 144 Ohio St., 414, 59 N. E. (2d), 145.
 

 .However, the Board of Tax Appeals did not confine its consideration of the exemptibility of this property to the application as filed under Section 5349, General Code, but considered the application as though filed under Section 5353, General Code, exempting property used exclusively for charitable purposes, and held that the factual situation did not warrant ■exemption on that ground. This court cannot say that the decision of the Board of Tax Appeals as to the
 
 *657
 
 facts or as to the conclusions drawn therefrom was unreasonable or unlawful. Notwithstanding the claim that the school is open to the public generally, the evidence strongly supports the position that the institution occupying this property is a private denominational school.
 

 In the case of
 
 Bloch v. Board of Tax Appeals, supra,
 
 this court held that a school organized and operated by a religious denomination for the sole purpose of training men to assume ministerial positions in such denomination and which provides no educational opportunities to the public generally is essentially a private institution, and that a building housing such a school is not exempt from taxation as being a public school or public institution of learning, or property used exclusively for a charitable purpose. The property here sought to be exempted from taxation does not qualify as being used exclusively for a charitable purpose.
 

 The decision of the Board of Tax Appeals is affirmed.
 

 Decision affirmed.
 

 Wetgandt, C. J., Turner, Matthias, Zimmerman, Sohngen and Stewart, JJ., concur.