*64
 
 By the Court.
 

 The sole question presented in cause No. 31002, as stated by counsel for appellant, is whether the real property of a nonprofit, charitable, educational and religious monastic order is subject to taxation, where such property is used as a mission school in the final phase of the training of young men to become missionaries of the' Gospel and to administer to the needs of everyone regardless of race, creed or color, and where the members of the order receive no pay or compensation for their work.
 

 Under Section 2, Article XII of the Constitution of Ohio, “houses used exclusively .for public worship,” “public school houses” and “institutions used exclusively for charitable purposes” may be exempted from taxation.
 

 Section 5349, General Code, under which appellant seeks exemption, provides, in part:
 

 “Public school houses and houses used exclusively for public worship, the books and furniture therein and the ground attached to such buildings necessary for, the proper occupancy, use and enjoyment thereqf and not leased or otherwise used with a view to profit, public' colleges and academies and all buildings connected therewith, and all lands connected with public institutions of learning, not used with a view to profit, shall be exempt from taxation.
 
 *
 
 * *”
 

 The record discloses that the brick building sought to be exempted consists of a first floor containing a library, a study or recreation room, two rooms for housekeepers, a parlor, three offices, a small room for the priest and a bathroom; of a second floor having eight bedrooms; of a basement having a dining room, 'a kitchen, a chapel, a laundry, storerooms, a bathroom and a boiler room; and of an attic. The record discloses further that the building is occupied for residential purposes by the priest in charge and seven students all of whom are ordained priests who have
 
 *65
 
 finished their college and seminary courses but have not had the practical experience to fit them for pastorates or missionary work.
 

 The-foregoing brief recital of facts is sufficient to demonstrate that the property is not, as stated in the application for exemption, “used exclusively for public worship,” and is not entitled to exemption on that ground.
 
 Watterson
 
 v.
 
 Holliday, Aud.,
 
 77 Ohio St., 150, 82 N. E., 962.
 

 There is no evidence in the record establishing that the educational advantages of the mission school are available to the public generally. Therefore, the property is not entitled to be exempt from taxation as a public school house or a public college or academy.
 
 Bloch
 
 v.
 
 Board of Tax Appeals,
 
 144 Ohio St., 414, 59 N. E. (2d), 145.
 

 Furthermore, the instant property is not exempt on the ground that it is used exclusively for the benefit of the public as a public charity, without any view to profit.
 
 American Committee of Rabbinical College of Telshe, Inc.,
 
 v.
 
 Board of Tax Appeals,
 
 148 Ohio St., 654.
 

 The decision of the Board of Tax Appeals in cause No. 31002 is not unlawful or unreasonable, and is, therefore, affirmed.
 

 In cause No. 31003, counsel for the society challenges the authority of the county auditor, under Section 5570-1, General Code, to restore to the tax duplicate property which had been exempted and its use had not changed from the time when the original exemption was filed. The authority of the auditor to re-enter property on the taxable list was recognized by this court in
 
 State, ex rel. Methodist Book Concern,
 
 v.
 
 Guckenberger, Aud.,
 
 133 Ohio St., 27, 10 N. E. (2d), 1001.
 

 Such counsel contends also that taxes for five years prior to 1937 should be remitted because the property
 
 *66
 
 was not omitted property and, therefore, Section 5573, General Code, did not apply and the auditor was in error in charging the taxes for the preceding five years. The Board of Tax Appeals found that the property was classified exempt in 1909, and that the county auditor was not authorized, under Section 5573, General Code, to add taxes for the tax years 1932 through 1935, when re-entering the property on the taxable list pursuant to Section 5570-1, General Code. The Board of Tax Appeals correctly concluded that the property had not been omitted from the taxable list and, therefore, that the auditor should not have added taxes for the four years aforestated. However, since the property was on the exempted list until placed on the taxable list in 1937, the remission should have. included taxes which accrued during the year 1936 instead of ending with the year 1935 as was determined by the Board of Tax Appeals.
 

 The decision of the Board of Tax Appeals, in cause No. 31003, so far as it remitted taxes for the years 1932, 1933, 1934 and 1935 is not unreasonable or unlawful, and is, in that respect, affirmed. However, such decision is unreasonable and unlawful for failure to remit taxes for the year 1936, and in that respect is reversed and the cause remanded to the Board of Tax Appeals with direction to remit taxes for the year 1936 also.
 

 In cause No. 31002, decision affirmed.
 

 In cause No. 31003, decision affirmed in part and reversed in part.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.