Zimmerman, J.,
 

 dissenting. It is true that in the Ohio Constitution of 1851, exemption from taxation was authorized as to “institutions of purely public charity” and that under the 1912 amendment to the Constitution the language was changed to read “institutions used exclusively for charitable purposes.” However, in my judgment, such later language, also used in Section 5353, G-eneral Code, does not benefit the appellant in the instant case.
 

 Under present Section 2, Article XII, of the Constitution, and Section 5353, G-eneral Code, enacted pursuant to the authorization therein contained, it is incumbent upon an institution claiming exemption of its real property from taxation to show that such property is being used
 
 exclusively
 
 for charitable purposes.
 

 Taxation being the rule and exemption the exception, statutory provisions granting tax exemption are 'to be strictly construed. See
 
 Battelle Memorial Institute
 
 v.
 
 Dunn, Aud.,
 
 148 Ohio St., 53, at pages 59 and 60 and the Ohio cases there cited, 73 N. E. (2d), 88.
 

 Recognizing and following the above precepts is the
 
 *273
 
 case of
 
 Bloch
 
 v.
 
 Board of Tax Appeals,
 
 144 Ohio St., 414, 59 N. E. (2d), 145, decided in 1945. There, the language of present .Section 2, Article XII, of the Constitution, incorporated in Section 5353, General Code, was considered and applied, and it was held in the syllabus, approved by a unanimous court, that a building used to house a denominational school engaged in the training of ministers is not being “used exclusively for a charitable purpose” and is not exempt from taxation under Section 5353, General Code, where such school is not
 
 open to the public generally.
 

 The interpretation thus given the phrase “used exclusively for charitable purposes” has been recognized and adhered to in principle in later cases decided by this court. See, for example,
 
 American Committee of Rabbinical College of Telshe, Inc.,
 
 v.
 
 Board of Tax Appeals,
 
 148 Ohio St., 654, 76 N. E. (2d), 719;
 
 Mussio
 
 v.
 
 Glander, Tax Commr.,
 
 149 Ohio St., 423, 79 N. E. (2d), 233.
 

 Of course, the burden rested on appellant to show that its real property was being put to a use which rendered such property exempt from taxation under the law. The appellee board makes the following statements in its brief :
 

 “Appellant in its argument in its brief apparently contends that its said property is exempt because appellant is a public charity and therefore within Section 5353, Genera] Code, and appellant in its argument in* its brief apparently makes no mention of of claim for exemption under Section 5349, General Code.
 

 “Appellant’s college buildings are not used exclusively for public or charitable purposes. The position is here taken on behalf of the board that it is in reality immaterial whether Section 5349, General Code, or Section 5353, General Code, is the applicable section. The use of the premises for a girl’s dormitory by a college which is not open to the public and which is not
 
 *274
 
 publicly owned and in which dormitory all of the tenants or occupants are rent-paying destroys any claim that the college is a public school, a public college, a public academy or a public institution of learning or that said building or dormitory is used exclusively for charitable purposes.”
 

 From an examination of the entire record, including the statement of the object and purpose of the appellant as set forth in its revised and amended constitution and bylaws, we are of the opinion that evidence was present which justified a finding by the board that appellant is conducting an institution which limits admission to
 
 followers of the Christian religion.
 
 Therefore, under the holding in the
 
 Bloch case,
 
 and giving to the word, “exclusively,” a strict construction, appellant’s real property is subject to taxation.
 

 As we view the matter, the majority decision in the instant case represents a departure from the earlier decisions of this court dealing with the same or similar questions and has the practical effect of placing them in the discard.
 

 Since we are unwilling to abandon and repudiate the definite stand taken by this court in a number of cases and are of the opinion that the decision of the board herein is neither unreasonable nor unlawful, we must record our dissent to the judgment of reversal.
 

 Weygandt, C. J., and Matthias, J., concur in the foregoing dissenting opinion.