Taft, J.
In American Committee of Rabbinical College of Telshe, Inc., v. Board of Tax Appeals, 148 Ohio St., 654, 76 N. E. (2d), 719, this court had before it an application for tax exemption of this property for the year 1945. The facts in the instant case differ in certain respects from those in the former American Committee case. None of these differences is material to a consideration of this case except the fact that there are no longer any rabbis or members of. the faculty living on the premises for which tax exemption is sought.
As pointed out in the opinion by Hart, J., in the former American Committee case, the application for exemption was there based only on the provisions of Section 5349, General Code, relating to ‘ ‘ public school houses and houses used exclusively for public worship * * * public colleges and academies * * * and * * * public institutions of learning,” although the Board of Tax Appeals had also considered the application as though filed under Section 5353, General Code. Here the application has been based not only on Section 5349, General Code, but also on Section 5353, General Code.
The legal questions presented by this appeal are almost identical with those considered by this court in *378 Cleveland Bible College v. Board of Tax Appeals, 151 Ohio St, 258, 85 N. E. (2d), 284.
From the opinion and finding of the Board of Tax Appeals in the instant case, it is clear that exemption was denied because the board found that “a private and not a public institution of learning” was involved and the institution was “operated for those of the Jewish faith and race” and was not “open to the public. ’ ’
Admittedly, this institution was operated without any view to profit and was an institution used exclusively for the lawful advancement of education and of religion. In both Section 2 of Article XII of the Constitution and Section 5353, General Code, the words “institutions of purely public charity” have now been replaced by the words “institutions used exclusively for charitable purposes.” It follows that it is no longer necessary that an institution used exclusively for the lawful advancement of education and of religion be open generally to the public in order to have tax exemption of property owned and used by it exclusively for lawful educational or religious purposes. We will not repeat here our reasons for that conclusion since they were fully set forth in Cleveland Bible College v. Board of Tax Appeals, supra, 262 to 270, inclusive.
The decision of the Board of Tax Appeals, being unlawful, is reversed.

Decision reversed.

Stewart, Middleton and Hart, JJ., concur.
Weygandt, C. J., Zimmerman and Matthias, JJ., dissent.