## FREIGHTLINER CORPORATION *v.*
## DEPARTMENT OF REVENUE

John H. Doran, Portland, represented plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, represented defendant.

Decision sustaining Demurrer of defendant rendered August 29, 1973.

CARLISLE B. ROBERTS, Judge.

Plaintiff, a manufacturer of heavy-duty trucks and tractors, claimed the "free port" exemption for certain personal property, pursuant to ORS 307.810 et seq., for each of the tax years 1960-1961 through 1967-1968. For all but the last of these tax years, the County Assessor of Multnomah County[1] granted plaintiff the exemption. The assessor's denial of the exemption for 1967-1968 was successively affirmed by the defendant, by the Oregon Tax Court and by the Oregon Supreme Court. *Freightliner Corp. v. Dept. of Rev.*, 258 Or 478, 483 P2d 1307 (1971), *aff'g* 3 OTR 528, 533 (1969). The Supreme Court's affirmance was based on the Tax Court's decree holding that plaintiff's activities, dealing with the personal property, were those of a manufacturer and were outside the scope of those activities permissible to warehousemen under the free port law.

The complaint alleges that, by letter dated May 19, 1971 (subsequent to the Supreme Court's *Freightliner* decision), an Assistant Attorney General, counsel for the defendant, advised the Multnomah County Assessor to enter omitted property assessments for all open years against the personal property of the plaintiff which had previously been granted the free port exemption, utilizing ORS 311.207 (1), the "omitted property" section.

This case has been brought pursuant to ORS 306.545 to obtain amendment of the assessment and tax rolls of Multnomah County for 1965-1966 and 1966-1967 and a refund of taxes and interest paid for those

---

[1] During the years 1960-1971, the title, County Assessor of Multnomah County, was successively replaced by the titles of Director of the Department of Finance and Director of the Department of Assessment and Taxation. "County assessor" is used herein in each instance, for the sake of clarity.

years on the personal property formerly treated as exempt. Plaintiff prays that defendant's Order No. VL 72-411 be set aside on the ground that the assessor was without authority to assess the subject property as omitted property in those years.

Plaintiff contends (complaint, at 4-5) that the defendant's order should be reversed because:

"1. The defendant erred in holding that Multnomah County, having consistently granted an exemption under its original construction of ORS 307.810 *et seq.*, may, once it has departed from that original construction, apply its new reading of the statute on a retroactive basis, and is not estopped by law from so doing.

"2. The defendant erred in refusing to order the cancellation of an omitted property assessment entered more than four years following the time at which the County Assessor purportedly discovered, received credible information, or had reason to believe that property had been omitted within the meaning of ORS 311.207.

"3. The defendant erred in applying the omitted property provisions of the Oregon Revised Statutes (ORS 311.205-311.213, inclusive) on an arbitrary and discriminatory basis as between taxpayers who were similarly situated.

"4. The defendant improperly permitted ex parte communication respecting the merits of plaintiff's pending appeal between a member of the staff of the defendant's Appeals Division and the attorney whose recommendation had resulted in property assessments which were the subject of the appeal."

Defendant demurred to both causes set out in plaintiff's complaint on the ground that the facts alleged therein do not constitute causes of suit. (The

two causes differ only in that the first is for 1965-1966, the second for 1966-1967.)

The factual allegations of the pleading and all reasonable inferences drawn therefrom are thus admitted, and all doubts are resolved in favor of the plaintiff for the purpose of the demurrer, raising issues of law upon the facts as alleged.

The paramount question in the case can be stated as follows: A county assessor (who was also the tax collector), knowledgeable as to all the facts, granted a "free port exemption" for a number of years as to certain personal property pursuant to ORS 307.810 et seq. He was then advised by the Department of Revenue that the Oregon Supreme Court had held that he had erred, as a matter of law, in granting the exemption to the specific taxpayer for a specific year under a set of facts applicable to all the years in which exemption was allowed. He was further advised by the Department of Revenue that he should utilize the provisions of ORS 311.207 et seq. and place the personal property on the assessment and tax rolls as omitted property for each of the years open to correction as permitted by ORS 311.207 (1). The assessor complied. Could he lawfully do so, in this situation?

The pertinent subsection of the applicable statute, ORS 311.207 (1), provides as follows:

"Whenever, after the return of the assessment rolls to the county assessor by the board of equalization, the assessor discovers or receives credible information, or if he has reason to believe that any real or personal property, including property subject to assessment by the Department of Revenue, or any buildings, structures, improvements or timber on land previously assessed without the same, has from any cause been omitted, in whole or in

part, from assessment and taxation on the current assessment and tax rolls or on any such rolls for any year or years not exceeding five years prior to the last roll so returned, he shall give notice as provided in ORS 311.209."

Defendant contends that the Supreme Court's denial of the free port exemption to plaintiff for the 1967-1968 tax year made certain for the first time the fact that the exemption had been erroneously granted for the preceding years and this was the "cause" for declaring the plaintiff's property to have been "omitted from assessment and taxation" as defined in the statute. Furthermore, defendant emphasizes that the statute refers to *any* cause and that "any cause" encompasses an erroneous grant of the free port exemption through mistake of law.

Plaintiff contends primarily that the loss of a formerly approved exemption does not mean that the property which enjoyed exemption becomes "omitted property" as defined by the statute because the omitted property statute was intended to encompass "property overlooked" by the assessor, not situations such as the one presented in this case.

Study of the statute confirms the defendant's position. The Oregon Supreme Court's decision was clear, definite and final. *Freightliner Corp. v. Dept. of Rev., supra.* The Department of Revenue had a statutory duty to call the decision to the county assessor's attention and to instruct him as to the proper course of action. ORS 305.090, 305.110, 305.120 and 306.111. The assessor received "credible information" from the Department of Revenue that plaintiff's personal property should have been assessed. It was the duty of the assessor to carry out the department's

instructions. ORS 306.220; *State ex rel. v. Smith et al.,* 197 Or 96, 252 P2d 550 (1953).

The legislative grant of power to the assessor in the "omitted property" statute, ORS 311.207 (1), is broad; it includes *"any* real or personal property" (which covers all assessable property but which is made more emphatic by further details as to property included) which "has from *any cause* been omitted, in whole or in part, from assessment and taxation * * *." (Emphasis supplied.) "Any cause" must include a situation which turns on a mistake of law as well as a mistake of fact. It must be assumed that the legislature was as cognizant of the possibility of one as the other.

Counsel's diligence is manifested by lengthy briefs, citing many cases, all of which have been considered by the court. The case most favorable to plaintiff's position is *Society v. Board of T.A.,* 149 Ohio St 62, 77 NE2d 459 (1948), where property housing a priest and trainees had been erroneously exempted by the assessor, under a mistake of law. The court held that since the property had been entered on the roll as "exempt" it had not been "omitted" from the taxable list. The Ohio omitted property statute (Ohio Gen Code, § 5573) was less explicit than the Oregon statute. At the time of the decision in the *Society* case, it read, in part:

"If the county auditor discovers that any building or structure, tract of land, or any lot or part of either, has been *omitted,* he shall add it to the list of real property * * *. In such case he shall add to the taxes of the current year the simple taxes of each and every preceding year in which such property *has escaped taxation,* not exceeding, however, five years * * *." (Emphasis supplied.)

The narrow scope of the Ohio statute may justify the Ohio court's judgment. Oregon's broader statute,

*supra,.* and its longstanding policy of strict construction of tax exemptions (see *Emanuel Lutheran Char. v. Dept. of Rev.,* 4 OTR 410, 415 (1971), *aff'd* 263 Or 287, 502 P2d 251 (1972)) causes this court to distinguish the case. The dictum in *Trustees of St. Paul M.E. Ch. So. v. District of Columbia,* (DC Cir 1954), 212 F2d 244, cited by plaintiff, is also disregarded, because it is dictum and because, under DC Code, § 47-712, "omitted" apparently is construed to mean "overlooked" by the taxing authority, a view too narrow to be accepted under Oregon's "any cause" provision.

On the other hand, defendant has cited *McCanna v. Assessors of Narragansett,* 48 RI 396, 137 A 694 (1927), where a town ordinance designated certain realty as exempt from taxation (subsequently found by the highest court to be beyond the town's powers) and it was so listed on the rolls. The Rhode Island Supreme Court held, nevertheless, the property was subject to retroactive taxation as "omitted in the assessment," pursuant to Gen Laws 1923, ch 60, § 25.

In *B.W. & Leo Harris Co. v. Dakota County,* 246 Minn 20, 74 NW2d 111 (1955), the assessor designated certain realty as exempt because it was owned by a city. A subsequent lawsuit determined title to be in private individuals, the plaintiffs. Thereupon the court approved "back assessments" to be made pursuant to Minn Stat 1953, § 273.02 (1), as "omitted in the assessment." To the same effect is *Armory Realty Co. v. Olson,* 210 Wis 281, 246 NW 513 (1933).

The provision of retroactivity is well within the powers of the Legislative Assembly. See *Nottage v. City of Portland,* 35 Or 539, 555-556, 58 P 883 (1899). In Oregon, even retroactive reassessments have been

upheld. *Fisher et al. v. City of Astoria,* 126 Or 268, 287, 269 P 853 (1928). See also *Automobile Club of Mich. v. Commissioner,* 353 US 180, 77 S Ct 707, 1 L Ed2d 746, 57-1 USTC ¶ 9593 (1957), *rehearing denied,* 353 US 989, 1 L Ed2d 1147, 77 S Ct 1279 (1957).

As plaintiff has noted, the legislature drafted a cross-reference to ORS 311.207 to 311.213 into another exemption statute; i.e., ORS 307.340 ("commercial facilities under construction") as well as into ORS 307.840 (the "free port exemption"), but the court construes this as further evidence of legislative intent to enforce taxation retroactively of "omitted property" rather than a restriction of the policy.

Plaintiff has raised subsidiary issues to which consideration must be given, always holding in mind the question raised by the demurrer; i.e., assuming as true the facts pleaded, do they constitute a cause of suit?

■ The plaintiff's first subsidiary issue, in its own language (Pl brief, at 48-49), can be stated thus:

"The pleadings herein disclose that the Assessor, acting with full knowledge of the surrounding facts and circumstances, granted plaintiff's claims for exemptions in each of seven consecutive years, including the two presently under consideration, 1965-66 and 1966-67. (Complaint, ¶ V.) By letter dated April 26, 1967, he denied a like claim for 1967-68. (Complaint, ¶s IV, VI.). If, then, the subject property was within the scope of the omitted property law, it is clear that as of April 26, 1967, the Assessor had reason to believe that the property exempted in prior years had been omitted from assessment and taxation on the rolls. Yet fully four years elapsed before proceedings were instituted to enter the subject property on the assessment and tax rolls of the County. (Complaint, ¶s VIII, IX.)"

It is true that, as a result of postponement of action until the Supreme Court had handed down its decision in the *Freightliner* case, *supra,* the county assessor was legally able to designate as omitted only that property omitted during the last two of the eight years during which the exemption was in effect. He was able to include only those two years because the omitted property statute is limited in application to a period "not exceeding five years prior to the last roll so returned, * * *." (ORS 311.207 (1).) The court agrees with plaintiff that there is ground to question the pertinacity in administration of the taxing authorities involved in this transaction, but the court finds it impossible to consider this failure (which substantially benefited the plaintiff) as constituting a cause of suit in the present proceeding. No acceptable authority has been advanced for this purpose. The plaintiff cannot show that it has been harmed by the restricted application of ORS 311.806 (2), to which it has adverted in its answering brief, at page 50.

A second subsidiary issue is set out in plaintiff's complaint, at page 3, paragraph XIII. On page 51 of the plaintiff's answering brief, it is stated as follows:

"The Assessor and defendant have discriminated between taxpayers similarly situated with respect to the application of the omitted property law to persons having received exemptions under an erroneous application of controlling law."

In its complaint, plaintiff points out that, after the Supreme Court's decision in the *Freightliner* case, *supra,* the Department of Revenue advised the county assessor to utilize the omitted property law with respect to plaintiff's personal property. On the other hand, following the decision of the Supreme Court in

*R.L.K. and Co. v. Tax Commission,* 249 Or 603, 438 P2d 985 (1968), the director of the defendant, by letters dated July 12, 1971, instructed the county assessors of all Oregon counties (except Clackamas and Douglas) to reverse "the long previous prior policy of exemption" of certain land leased by the federal government to taxable owners and to place the omitted lands on the assessment rolls for the current year, but "the Director of the defendant expressly recommended that no corrections be made for the five years prior to the last roll returned."

Assuming, for the purposes of the demurrer, that the allegations are true, they do not constitute a cause of suit. The reasons for the director's recommendation to the county assessors are not patent. However, assuming that discrimination as between taxpayers is involved and that the Department of Revenue has failed in its duty, no estoppel situation is presented and other legal means are provided to require the director to do his duty which have not been pleaded in this suit. See *Commonwealth, Inc. v. Dept. of Rev.,* 259 Or 140, 484 P2d 1103 (1971); *Penn Phillips Lands v. Tax Com.,* 247 Or 380, 384, 430 P2d 349 (1967), 255 Or 488, 497, 468 P2d 646 (1970); *Robinson et ux v. State Tax Com.,* 216 Or 532, 339 P2d 432 (1959).

A third subsidiary issue is presented by plaintiff's contention that "[t]he defendant [Department of Revenue] improperly permitted ex parte communication respecting the merits of plaintiff's pending appeal between a member of the staff of the defendant's Appeals Division and the attorney whose recommendation had resulted in property assessments which were the subject of the appeal." (Complaint, 4-5, at 1 30.)

Taking the allegations of the complaint as true, it would appear that the ex parte communication was in

fact unethical. *Camero v. United States,* 375 F2d 777 (Ct Cl 1967); *Mazza v. Cavicchia,* 15 NJ 498, 105, A2d 545 (1954); *Morgan v. United States,* 304 US 1, 58 S Ct 773, 82 L Ed 1129 (1938). However, the de novo proceedings of the Tax Court offer the plaintiff a forum in which to correct most shortcomings of administrative adjudication. The complaint, on its face, taking all allegations as true, resolving all doubts in favor of the plaintiff and drawing all reasonable inferences therefrom, does not state a cause of suit and therefore, at the administrative agency hearing level, any error must have been harmless. However, although the administrative hearing could be declared invalid, the jurisdiction on the part of this court still exists, the parties having appealed from a duly entered order of the defendant. ORS 305.410, 306.545.

The defendant's demurrer must be sustained and the plaintiff will be allowed 20 days in which to file an amended complaint.