Laurel Ann **CURTIS,** Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Respondent.

No. 02–70182.
Tax Ct. No. 11125–95.

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2003.*
Decided July 14, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before LEAVY, MCKEOWN and WARDLAW, Circuit Judges.

### MEMORANDUM **

Pro se petitioner Laurel Ann Curtis appeals the United States Tax Court's reinstatement of its original decision in favor of the Commissioner of Internal Revenue after remand by this Court. *See Curtis v. Comm'r,* No. 97–70052, 2000 WL 249280 (9th Cir.1999). The Tax Court sustained the Commissioner's determinations of tax deficiencies and additions for the tax years 1983 through 1993 and granted the Commissioner's motion for sanctions under 26 U.S.C. § 6673(a)(1). *See Curtis v. Comm'r,* 82 T.C.M. (CCH) 943, 2001 WL 1530238; *Curtis v. Comm'r,* 72 T.C.M. (CCH) 1114, 1996 WL 617788. We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1).

The Tax Court finding that the Commissioner's tax deficiency determinations are entitled to a presumption of correctness is not clearly erroneous. *See Edelson v. Comm'r,* 829 F.2d 828, 831 (9th Cir.1987). The presumption of correctness attaches to a Commissioner's deficiency determination when it is supported by sufficient evidence connecting the taxpayer to income-producing activity. *See Rapp v. Comm'r,* 774 F.2d 932, 935 (9th Cir.1985); *Weimerskirch v. Comm'r,* 596 F.2d 358, 3630 (9th Cir.1979). The required showing is "minimal," *Palmer v. IRS,* 116 F.3d 1309, 1313 (9th Cir.1997), and can be satisfied by the notices of deficiency themselves, *see Merkel v. Comm'r,* 192 F.3d 844, 852 (9th Cir.1999).

The Tax Court relied on Curtis's testimony, statements in her pleadings and briefs to the Tax Court, and two pages from the 1992 and 1993 deficiency notices (attached as Exhibit A to Curtis's posttrial memorandum). Because the deficiency notices themselves are sufficient to meet the Commissioner's burden, the Tax Court did not clearly err in so finding. While Curtis questions whether these documents were in fact deficiency notices, she points to no evidence suggesting they were not.

Curtis's alternative contention— that the deficiency notices are not properly part of the record because they were introduced after the close of testimony—is without merit. The Tax Court did not abuse its discretion in admitting these documents. *Weiner v. Perry, Settles & Lawson, Inc. (In re Weiner),* 161 F.3d 1216, 1217 (9th Cir.1998). Curtis herself introduced the notices, and never subsequently moved to exclude them from the record. In fact, she was required to attach the deficiency notices to her initial petition,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Tax Ct. R. 34(b)(8), but did not submit them to the Tax Court until she filed her post-trial memorandum. It matters not that the notices were received over the Commissioner's objection. Curtis has further waived any argument made for the first time on appeal that the notices were not properly authenticated.

Because the Tax Court did not abuse its discretion in considering the deficiency notices, the Commissioner's burden was met and the presumption of correctness attached to his determination. We need not examine the alternative bases for the Tax Court's ruling.

■ Nonetheless, a taxpayer may rebut the presumption of correctness by showing by a preponderance of the evidence that the deficiency is incorrect or was arbitrarily derived. *Merkel*, 192 F.3d at 852. Curtis has met her burden with respect to tax year 1992. The deficiency notices show a $20,000 discrepancy between the sum of the rental income Curtis received from each property attributed to her ($78,180) and the total rental income attributed to her for the year ($98,180). There is no explanation in the record for this discrepancy. We must therefore reverse and remand this portion of the Tax Court's decision. On remand, the Tax Court should either recalculate the tax assessment for 1992 using the lower of these figures, or reopen the proceedings to the extent needed to ascertain Curtis's correct tax burden for 1992.

■ The Tax Court did not abuse its discretion in imposing sanctions on Curtis for making "frivolous or groundless arguments" under 26 U.S.C. § 6673(a)(1). *Liti v. Comm'r*, 289 F.3d 1103, 1105 (9th Cir. 2002). Curtis's challenges to the Tax Court's jurisdiction, the taxability of rental income, and the constitutionality and mandatory nature of the income tax are frivolous. *See Brushaber v. Union Pac. R.R.*, 240 U.S. 1, 17–18, 36 S.Ct. 236, 60 L.Ed.

493 (1916) (constitutionality of taxing rental income); *Wilcox v. Comm'r*, 848 F.2d 1007, 1007 (9th Cir.1988) (mandatory nature of taxes); *Rager v. Comm'r*, 775 F.2d 1081, 1083 (9th Cir.1985) (jurisdiction of Tax Court). We decline to entertain these frivolous arguments on appeal.

The parties shall bear their own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART, REMANDED.

LEAVY, Circuit Judge, dissenting.

LEAVY, Circuit Judge.

I would reverse the Tax Court's judgment in its entirety because the evidence before the Tax Court was insufficient to support the Commissioner's deficiency determination.