Laurel Ann CURTIS,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4222)

Trial was held June 10-12, 2003, in the courtroom of the Oregon Tax Court, Salem.

Laurel Ann Curtis, Plaintiff (taxpayer), filed the response and argued the cause *pro se*.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant (the department).

Decision for Defendant rendered June 30, 2004.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

Following substantial periods of postponement requested by Plaintiff (taxpayer) based on illness and related federal litigation, this matter was tried to the court on June 10, 11, and 12, 2003. The parties then submitted post-trial written briefs. Taxpayer's complaint relates to an opinion and order of Defendant Department of Revenue (the department), dated August 8, 1997, that was issued before the Magistrate Division of this court was instituted. That order assessed taxes, interest, and penalties for tax years 1983 through 1993, for which taxpayer had not filed income tax returns.

## II.   FACTS

Based on the testimony and exhibits admitted in this matter, the court finds the following facts. The tax years at issue are 1983 through 1993. During those years taxpayer was a resident of Oregon. Taxpayer owned several parcels of real property located in Oregon, each of which produced rents. For the years in question taxpayer did not file Oregon income tax returns or maintain books and records relating to her rental properties. In taxpayer's view, returns and records were unnecessary because the rents she received were not subject to tax by Oregon or the United States of America.

The department sent written notices to taxpayer requesting that she file income tax returns. Taxpayer did not do so and the department wrote to demand the previously requested information. In the face of taxpayer's continued failure to file returns, the department determined a tax liability and sent taxpayer Notices of Determination and Assessment (NODAs).

The NODAs were based on information the department had received from the Internal Revenue Service (IRS), which had determined that taxpayer had received substantial amounts of rental income for the years in question. Testimony during the trial before this court from employees of the IRS established that they had followed regular procedures and methods in estimating the amount of taxpayer's rental income. Taxpayer did not provide information to the IRS at any point in the IRS audit or examination activities, nor to the department during its investigation.

Due to taxpayer's failure to provide information, the IRS made a calculation for rental income. In addition, the IRS agent proposed to increase total income for the 1992 year by the amount of $20,000. That was the amount of a cash down payment apparently made by taxpayer in connection with the acquisition of certain real property for a price of $60,000. Absent information from the taxpayer, the IRS concluded the source of those funds was additional income for the 1992 year. On the witness stand, the IRS agent who had dealt with this item testified that the $20,000 amount was a transposition error and that in fact the down payment

amount had been $40,000. The existence of this error was known to all parties in advance of the trial in this court. Taxpayer introduced no evidence demonstrating that the down payment amount had a source other than unreported taxable income above and beyond estimated rental income.

At taxpayer's request, this case was held in abeyance pending the outcome of litigation in the United States Tax Court and the United States Court of Appeals for the Ninth Circuit, in which the years at issue here were also involved. The outcome of that litigation has been that the notices of deficiency issued by the IRS have been upheld except for matters relating to the $20,000 addition to income. *See Curtis v. Commissioner*, 73 Fed Appx 200, 2003-2 Tax Cas ¶ 50,607 (9th Cir 2003), *cert den*, 124 S Ct 1733 (Mem), 158 L Ed 2d 414 (2004). Proceedings on that item were remanded by the Ninth Circuit to the United States Tax Court. A major issue in the federal litigation was whether, under federal law, the IRS had introduced evidence sufficient for its deficiency notices to be entitled to presumptions of correctness. In the federal litigation, penalties were assessed against taxpayer for instituting or maintaining proceedings primarily for delay or taking positions that are frivolous or groundless. *See id.* at 202.

At trial, taxpayer criticized the methods used by the IRS in arriving at an estimated income amount for her, but called no witnesses and introduced virtually no other evidence calling into question the calculations made by the IRS.

Taxpayer claims to have disposed of one of the rental properties in question by quitclaim deed to her son. The purported transfer was for less than full and adequate consideration. Although such a transfer could have been a gift, taxpayer introduced no evidence that a federal gift tax return had been filed on this transfer, or that the transfer was exempt from federal gift tax return requirements. Taxpayer introduced no evidence as to who received the rents on the property, in whose name the property was insured, or any other matter that might have rebutted the propriety of the department's reliance on the IRS conclusion that taxpayer had not, in fact, disposed of the beneficial ownership of the property.

## III.  ISSUE

What is the correct Oregon personal income tax liability of taxpayer for the years 1983 through 1993?

## IV.  ANALYSIS

■ Notwithstanding taxpayer's voluminous filings in this matter, the issues for decision are fairly narrow. Taxpayer attacks the federal tax system. Regardless of whether the federal income tax system must be valid in order for its definitions to be incorporated by reference pursuant to ORS 316.007 to 316.076,[1] taxpayer's challenges to the validity of those provisions have been rejected both generally and in her federal litigation for the years and items in question here. *See Curtis*, 73 Fed Appx 200, and predecessor cases cited therein. Taxpayer's position that rents from real estate are not statutorily or constitutionally within the definition of gross income under IRC section 61 has been rejected and has no authoritative support. *See Brushaber v. Union Pac. R. R.*, 240 US 1, 17-18, 36 S Ct 236, 60 L Ed 493 (1916) (upholding the constitutionality of taxing rental income).

■ Further, taxpayer is incorrect in asserting that she has no liability in Oregon because she did not file a federal return. Oregon ultimately relies on federal definitions, not federal returns, to determine an individual's Oregon liability. An Oregon liability can be established independently from any federal enforcement action. *Detrick v. Dept. of Rev.*, 311 Or 152, 156, 806 P2d 682 (1991) (holding that there is no legal support for asserting the IRS must issue deficiency assessments before the department may do so). In addition, taxpayer's assertions that she was not required to pay federal tax during the years in question have been roundly rejected by the federal courts, which have addressed such assertions for the facts and years at issue. *See Curtis*, 73 Fed Appx at 202.

Taxpayer relied on her own interpretation of law and did not file Oregon returns, even after repeated requests

---

[1] All references to Oregon Revised Statutes (ORS), unless noted otherwise, are to 1983, as the sections cited herein were not amended prior to 1993.

and demands from the department that she do so. In such cases the department is not helpless. It may, as it did here, issue a NODA based on the best of its information and belief. ORS 314.400(2)(a)(B).

■ Although taxpayer objects to the fact that the department used information obtained from the IRS, that practice is clearly available to the department for the purposes of determining and assessing a tax. *Cf. Bronson v. Dept. of Rev.*, 5 OTR 86 (1972) (upholding the department's assessment of deficiency based on an audit performed by the IRS). Although this holding was announced in a deficiency case, there is no reason not to conclude that it applies equally to an action by the department under ORS 314.400. Nor may taxpayer be heard to complain about this procedure because she purposefully failed to avail herself of opportunities to clarify, review, or rebut the material upon which both the federal and state tax agencies were relying. The legislature did not intend for a taxpayer to be able to stymie the process of tax collection through refusal to cooperate at the earliest stages of the process.

Taxpayer complains of the processes followed by both the IRS and the department. As to federal process, taxpayer has made a series of assertions that the actions of the IRS employees were not authorized by federal law, lacked adequate delegation orders, or were otherwise procedurally flawed. Those arguments are irrelevant in this proceeding because although Oregon relies on federal definitions of income, it does not police or enforce federal procedural rules.[2] As to the substance of what the IRS determined regarding taxpayer's income for the years at issue, this court concludes the estimations made were of the type on which the department is permitted to rely in issuing a NODA. Taxpayer introduced little or no evidence that would serve to rebut the estimates. Although taxpayer claimed that some estimates were inflated, she introduced no records, documents, or third-party testimony to challenge the conclusions reached by the department. Further, although taxpayer had clear memories

---

[2] The court notes that no procedural error was identified in taxpayer's substantial litigation of these tax years in federal courts.

of minute physical characteristics of the properties in question, she professed to have no recollection regarding the most basic financial details of her operations. The court concludes that taxpayer was not a credible witness on this question.

■   As to the department's procedures, the defects of the type asserted by taxpayer are irrelevant because this court proceeding affords her a *de novo* proceeding, in which the outcome of her tax liability can be judicially determined, and any shortcomings that occurred during administrative adjudication corrected. *Freightliner Corp. v. Dept. of Rev.*, 5 OTR 270, 280 (1973).

■   Taxpayer objected to certain information on Defendant's Exhibit E, which consists of the written statements of tenants of property owned by her. The statements were provided to and used by the IRS. Taxpayer stated her objection was to "hearsay" and argued that the department could have brought the tenants into court for examination and cross-examination. This objection illustrates one of many misunderstandings under which taxpayer has operated. Even if the written statements constitute hearsay, taxpayer may not complain about the department's reliance upon them in issuing its NODA. At that point in the discharge of its statutory duties, the department is not subject to the rules of evidence applicable in a court. And, in the face of the taxpayer's refusal to provide information, the department may rely on *its* best information, without regard to whether that information is *the* best information. The department's best information is the basis for its actions, each of which can be, and here was, challenged in a court proceeding. But in that court proceeding taxpayer bears the burden of proof that the department's assessment, regardless of its basis, was incorrect.[3] Even if this court disregards Exhibit E, taxpayer has not met her factual burden of showing that the department's assessments

---

[3] In the Ninth Circuit the deficiency determinations of the IRS are entitled to a presumption of correctness "once some substantive evidence is introduced demonstrating that the taxpayer received unreported income." *Edwards v. Commissioner*, 680 F2d 1268, 1270 (9th Cir 1982). In Oregon the allocation of the burden of proof is by statute, ORS 305.427, and that statutory provision has the same effect as a presumption of correctness. However, unlike federal case law, Oregon's statute does not require that the department introduce proof linking some income source to the taxpayer.

were erroneous. Taxpayer's own testimony establishes that she owned rental properties, received rents, and maintained no books or records of the amount of rents received. That testimony provides both a basis for the department's assessment, if one is needed, and constitutes an admission that taxpayer has no basis other than her memory for challenging the conclusions reached by the department. As stated above, the court does not find taxpayer to be credible as to her memory of the financial details of her property holdings. Taxpayer has not met her burden of proof as to factual matters on rents generally.

Nor has taxpayer met her burden of proof on the question of whether she retained beneficial ownership of a property that she transferred to her son by quitclaim deed. She introduced no evidence to rebut, in any way, the assertions contained in the assessment against her.

Finally, an issue exists regarding whether taxpayer's income for 1992 should be increased by either $20,000 or $40,000, based on her having made a down payment in the amount of $40,000 on a property purchased during that year. The IRS agent or agents involved with taxpayer appear to have employed reconstruction of income methodologies. They appear to have assumed that the down payment amount, which they mistakenly identified as being $20,000, came from taxable income sources other than the rentals contained in their assessments for the 1992 and earlier years. They included an assertion of a $20,000 deficiency in their assessment and, under federal rules, could not increase that amount when the transposition error was discovered. In the federal litigation of taxpayer's case the IRS did not explain its approach on this matter, or at least had not done so as of the time the Court of Appeals for the Ninth Circuit remanded the issue to the United States Tax Court. *See Curtis*, 73 Fed Appx 200.

Also, in her complaint taxpayer asserts that the department, which held a hearing on taxpayer's 1983 tax year and issued an order relating to wage income, was prevented from assessing other amounts as due from taxpayer. Taxpayer asserts this limitation is found in ORS 314.410(3).

However, taxpayer, who chose not to file Oregon returns, ignores the provision of ORS 314.410(3)(a) that states:

> "The limitations to the giving of notice of a deficiency provided in this section shall not apply * * * in cases where no return has been filed."

■ In addition, taxpayer asserts that she was denied the right to a jury trial in this court. The statutes governing this court provide that trials are to be without a jury. ORS 305.425(1). The Oregon Constitution recognizes the right to a jury trial in civil cases. Or Const, Art I, § 17.[4] However, taxpayer ignores the fact that the jury trial provisions of the Oregon Constitution do not apply to all civil cases, but only those in which a jury trial was available at the time of the adoption of the Oregon Constitution. *Jensen v. Whitlow*, 334 Or 412, 422, 51 P3d 599 (2002). Taxpayer has not cited to the court, and the court is not aware of, any authority indicating that, as of 1857, a jury trial was available in cases involving taxation. To the contrary, from the earliest times tax disputes have been the province of courts of equity. *Cf.* W.S. Holdsworth, *The History of Remedies Against the Crown*, 38 L Q Rev 141 and 38 L Q Rev 280 (1922) (published in two parts). ORS 305.425(2) specifies that proceedings in this court are in the nature of suits in equity to set aside orders of the department or to correct its errors. There is no right to jury trial in equitable proceedings. *Westwood Corp. v. Bowen*, 108 Or App 310, 318, 815 P2d 1282 (1991), *rev den*, 312 Or 589 (1992) (citing *Phillips v. Johnson*, 266 Or 544, 549, 514 P2d 1337 (1973)).

■ Taxpayer further asserts that the lack of a jury trial in this court violates the provisions of the Seventh Amendment to the United States Constitution. The Seventh Amendment does not apply to the states. *Sealey v. Hicks*, 309 Or 387, 398, 788 P2d 435, *cert den*, 498 US 819, 111 S Ct 65, 112 L Ed 2d 39 (1990) (*overruled on other grounds by Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 118, 23 P3d 333 (2001)).

Taxpayer asserts she has been denied due process of law in violation of the federal constitution. She also asserts

---

[4] A guarantee of jury trial in actions at law is also found in section 3 of Article VII (Amended), which taxpayer does not cite but which the court will consider.

she has not had a remedy by due course of law, "pursuant to Article I section 10 of the Oregon Constitution." These claims are based on her assertions that she was labeled a "tax protester," she was denied a meaningful administrative hearing, and she was required to bear the burden of proof in this proceeding. To the extent these complaints relate to matters that occurred at the IRS, they are irrelevant in this court. To the extent they relate to matters occurring before taxpayer came to this court, they are disposed of pursuant to *Freightliner Corp.*, 5 OTR 270. As to the allocation of the burden of proof in this court, taxpayer cites no authority indicating that such assignment of burden of proof violates any constitutional provision and the court is unaware of any such authority. Finally, procedural regularity must ultimately be tested by what procedure was afforded and not by any label that might have been attached to a citizen.

■        Taxpayer asserts she is entitled to the protection of some statute of limitations. However, she cites no constitutional requirement that would invalidate the clear legislative statement that no statute protects citizens who do not file returns. ORS 314.410(3)(a). It is neither illegal nor inequitable for the state to operate without time bars when a citizen refuses, for whatever reason, to file a return.

Taxpayer cites no authority indicating the department is bound by the restrictions applicable to the IRS with respect to asserting liability above the amount shown in its determination and assessment. Nor is this court limited by the pleadings of the parties when determining income tax liability. ORS 305.575. The court is charged with the duty to determine the correct income tax liability. Although the department has not amended its pleadings on this matter, it has requested the court to find that the taxpayer's Oregon taxable income for 1992 should be increased by $20,000 to compensate for the IRS mistake.

The court notes that the details of the issue were known to taxpayer well in advance of trial on this matter. The information necessary to clarify the matters or rebut the assertion of additional liability was solely in the possession of

taxpayer. She alone had the ability, over the years, to maintain records from which the source of major capital expenditures could be determined. Taxpayer says she maintained no such records. One consequence of her choice not to maintain records is that she could not bear her burden of proof on this point. The court finds that taxpayer's taxable income for 1992 should be increased by $20,000 above the level contained in the department's NODA.

In this court taxpayer bears the burden of proof. ORS 305.427. She has the obligation to show that the facts serving as the basis of the department's assessments are not correct. *Id.* This she has not done. Indeed, she admits to having owned several properties and supporting herself with rents received. Her defense is primarily one based on her view of the law, not her dispute of the facts. In addition to its assessment, the department presented substantial evidence regarding the underlying facts to establish that its assessments were reasonable. Taxpayer's final opportunity to contest the factual basis of these assessments was in this court, but she failed to introduce evidence showing, by a preponderance, that the department's assessments were erroneous.

## V. DAMAGES AND ATTORNEY FEES

By motion filed June 17, 2003, the department requested an award for damages under ORS 305.437 (1997) and an award for reasonable attorneys fees under ORS 20.105(1) (1997). The department correctly noted that if arguments have no objectively reasonable basis they are "frivolous" under each statute. There is no objectively reasonable factual basis for taxpayer's argument that the amounts assessed were incorrect. By her own choice, taxpayer failed to keep or bring forward anything to support her position regarding the amount of rental income she received during the tax years in question. Her lack of credibility made her testimony on these matters unreliable. On legal matters, taxpayer confused federal procedure with state procedure. Further, she ignored existing precedent on the relationships between federal determinations and state determinations.

Finally, taxpayer made the bold assertion that the holding in *Pollock v. Farmers' Loan & Trust Co.*, 158 US 601 (1895), as to the taxability of rents from real estate, was not

affected by the adoption of the Sixteenth Amendment. Taxpayer has asserted that *Pollock* remains good law on taxability of rents for state as well as federal purposes. Taxpayer's theory regarding the viability of the *Pollock* decision in regard to the federal taxability of rents following the adoption of the Sixteenth Amendment is without an objectively reasonable basis and is completely contrary to all available authority. Taxpayer has cited no case authority to support her proposition that rents are not federally taxable. She further ignores governing decisions on point against her. *N.Y. ex rel., Cohn v. Graves*, 300 US 308, 315-16, 57 S Ct 466, 81 L Ed 666 (1937); *Brushaber*, 240 US at 10.

As to taxation by the State of Oregon, taxpayer ignores the fact that *Pollock* actually confirms that under the federal constitution the states retained unlimited authority in matters of taxation, subject to no apportionment requirement and limited only by the provisions of such federal constitutional limitations as the Commerce Clause. *See Utterback v. Dept. of Rev.*, 17 OTR 276 (2003).

There is no objectively reasonable basis for taxpayer's legal positions. The court makes this finding on its review of the record and filings in this case, but also notes that the United States Tax Court and the United States Court of Appeals for the Ninth Circuit have reached the same conclusions in cases involving the same taxpayer, the same years, and the same federal law arguments.

## VI. CONCLUSIONS

After evaluating all the evidence and testimony presented by both parties, the court finds that taxpayer failed to carry her burden of persuasion. Now, therefore,

IT IS THE DECISION OF THIS COURT that the department's assessment of taxes, interest, and penalties for tax years 1983 through 1993 should be upheld, and

IT IS FURTHER DECIDED that taxpayer received $20,000 in addition to the amounts assessed by the department for tax year 1992, and

IT IS FURTHER DECIDED that pursuant to the provisions of ORS 305.437, the department is awarded $5,000 in damages, and

IT IS FURTHER DECIDED that pursuant to ORS 20.105(1), the department is awarded attorney fees. Judgment will be entered consistent with this opinion.