**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAUREL ANN CURTIS, | No. 13-72743 |
| Petitioner - Appellant, | Tax Ct. No. 5657-10 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted March 7, 2016[**]
Portland, Oregon

Before: BERZON and WATFORD, Circuit Judges, and SAMMARTINO,[***]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Janis L. Sammartino, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Laurel Ann Curtis appeals pro se from the Tax Court's decision upholding income tax deficiencies and additions to tax for tax years 1994 through 1997. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review the Tax Court's legal conclusions de novo, and review its factual findings for clear error. *Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir. 2008). We affirm.

1. We reject Curtis's contention that the IRS lacked authority to assess taxes because the statute of limitations had run. Curtis admits that she never filed tax returns for 1994 through 1997. "In the case of failure to file a return, the tax may be assessed . . . at any time." 26 U.S.C. § 6501(c)(3).

2. The Tax Court properly concluded, on stipulated evidence, that the rents and capital gains Curtis had received were taxable income. The Internal Revenue Code defines "gross income" as "all income from whatever source derived," including both rents and "[g]ains derived from dealings in property." 26 U.S.C. § 61(a)(3), (5). The Tax Court also appropriately imposed additions to tax for Curtis's failure to pay estimated taxes. *See* 26 U.S.C. § 6654(a).

3. The Tax Court did not err by imposing a penalty for Curtis's fraudulent failure to file tax returns. The Internal Revenue Code authorizes penalties for fraudulent failure to file timely tax returns, *id.* § 6651(f), and this Court has defined

2

tax fraud to include "intentional wrongdoing on the part of the taxpayer with the specific intent to avoid a tax known to be owing." *Maciel v. C.I.R.*, 489 F.3d 1018, 1026 (9th Cir. 2007) (internal quotation marks omitted) (quoting *Estate of Trompeter v. Comm'r*, 279 F.3d 767, 773 (9th Cir. 2002)). The Tax Court did not clearly err in finding that Curtis had such intent.

4. The Tax Court did not abuse its discretion by imposing a sanction against Curtis under 26 U.S.C. § 6673 for taking frivolous positions regarding the constitutionality and mandatory nature of income taxes. *See id.* § 6673(a)(1). Curtis relied on arguments that have long been held frivolous, including in a previous case against Curtis. *Curtis v. C.I.R.*, 73 F. App'x 200, 202 (9th Cir. 2003) (unpublished). "When taxpayers are on notice that they may face sanctions for frivolous litigation, the tax court is within its discretion to award sanctions under section 6673." *Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993).

**AFFIRMED.**